THE STATE EX REL. B. C. MILLER ET AL., Appellants, v. CONSOLIDATED SCHOOL DISTRICT NUMBER SEVEN, HOLT COUNTY, ET AL.—1 S. W. (2d) 94.

Division Two, December 31, 1927.

*W. R. Littell* and *Hunt & Hunt* for appellants.

*Tibbels & Bridgeman* for respondents.

WALKER, J.—An application for a writ of *quo warranto* was filed *ex informatione* by the Prosecuting Attorney of Atchison County at the relation of B. C. Miller and other taxpayers, to test the validity of the formation of Consolidated School District Number Seven, located in Atchison and Holt counties, and as a consequence to determine the official authority of the persons named as directors of said district,.who are also made defendants.

This case was tried before and heard by Special Judge Charles H. Mayer, who rendered a judgment in favor of the respondents, from which the appellants appealed.

On the 15th day of August, 1923, a meeting was held in a school building in Corning, Holt County, to vote upon the question of creating Consolidated School District Number Seven out of certain territory in Atchison and Holt counties. The meeting was called to order and a chairman and secretary elected. Tickets were distributed and, according to the testimony of witnesses for the appellants, there was much disorder on the part of the voters in casting their ballots. This is denied by witnesses for the respondent. There was testimony pro and con of other irregularities during the progress of the election, which will be stated in the opinion, if necessary to a determination of the issue. The assignments of error are as follows:

"1st. There was and is no substantial evidence in the case upon which to base the court's finding.

"2nd. The finding of the court should have been for the relators and against the respondents."

The gist of these assignments is that the trial court erred in finding that there was substantial evidence upon which to base a judgment in favor of the respondents.

I. This is an action at law. Having been tried by the court its findings on questions of fact, if supported by substantial evidence, will not be disturbed. [State ex inf. Thompson v. Bright, 298 Mo. l. c. 347, 250 S. W. 599.] The gravamen of the appellants'

**Voting.** contention is directed, not so much to the absence of substantial evidence to support the court's finding, as to the fact that in conducting the election the requirements of Section 11237, Revised Statutes 1919, were not complied with. The first provision of this section with which we are concerned, is as follows:

"First—To organize as a town or city school district, those voting for the organization shall have written or printed on their ballots

'For organization,' and those voting against the organization shall have written or printed on their ballots 'Against organization;' *and each person desiring to vote shall advance to the front of the chairman and deposit his ballot in a box to be used for that purpose.* When all present shall have voted, the chairman shall appoint two tellers, who shall call each ballot aloud and the secretary shall keep a tally and report to the chairman, who shall announce the result; and if a majority of the votes cast are 'For organization,' the chairman shall call the next order of business.'' [Sec. 11237, R. S. 1919.] (Italics ours.)

The particular portion of said section which it is contended was not complied with we have italicized. It may be admitted, as stated by the appellants, that the requirements of the general election law concerning the use of booths to insure the secrecy of the ballot was not complied with, and that the voters crowded around the ballot box and difficulty was encountered by some of them in depositing their ballots; but there is no evidence that any one was denied or did not exercise this right. The result of the election, as found by the tellers and announced by the chairman, was that 238 votes had been cast, of which 131 were for the consolidation and 107 against it.

Other than as indicated by the italicized portion of the section to the effect that each person voting did not ''advance to the front of the chairman and deposit his ballot in a box used for that purpose,'' no serious contention has been preserved for our consideration. If it has been shown, as testified to by a number of witnesses, and as found by the trial court, that each voter had an opportunity to cast his ballot on the question of consolidation and that a majority of the votes cast were in favor of the same, we will hold that a failure to formally comply with the italicized portion of the section is directory. The main purpose and mandatory portion of it is to prescribe the manner in which the voters may determine the question of consolidation.

While it was attempted to be shown by the testimony of witnesses for the appellants that the box was ''stuffed'' or that ballots were deposited therein which had not been legally cast, no mention of this contention is made in the motion for a new trial and it is not for our consideration. Furthermore, witnesses for the respondent testified that there was no irregularity in the casting of the ballots and that none were deposited in the box, other than by qualified voters; the trial court so found and aside from the failure of the appellants to preserve this contention, we are authorized in sustaining the court's finding in this regard. Supplemental to the contention that the ballot box was ''stuffed'' it is rather vaguely stated by counsel for the appellants in support of that contention that there were ''around 200 voters present at the election.'' It is not shown

that this estimate of the number of voters present which was thirty-eight less than the number of votes cast was testified to by any witness and if so no effort to preserve it for our review is found in the motion for a new trial.

It was not contemplated in the enactment of the statutes providing for the consolidation of school districts that the formalities required to be observed and the paraphernalia to be used in general elections shall be required in school district elections. In the latter the reasons for such supervision does not obtain; the number of voters is limited, the questions involved are few, simple and easily understood and the incentives to fraud, which doubtless prompted the Legislature to enact restrictive statutes governing general elections, do not exist in elections of the character of that at bar.

II. That fraud in an election for the consolidation of a school district is a proper subject of inquiry in an action of *quo warranto* need not be questioned. [State ex inf. v. Woods, 233 Mo. l. c. 380; State ex rel. v. Steers, 44 Mo. l. c. 227.] However, testimony must be adduced to sustain such a plea to entitle it to be considered a determinative issue. This was not done in the instant case and if any of the testimony may be regarded as supporting that plea, evidence equally cogent was introduced to the contrary. The trial court gave credence to the latter and in view of its substantial nature we will not disturb its finding.

While an appellate court is not bound, either as to its conscience or judgment, by the findings of a trial judge sitting as a jury, an equally strong presumption of the verity of such findings attends them to that required to be given to the verdict of a jury. We have carefully reviewed all of the testimony in this case and find no difficulty in concurring in the result reached by the trial court as to the substantial character of that adduced by the respondent. The judgment, therefore, of the trial court is affirmed. All concur.