### STAKES v. HOUSTON NORTH SHORE RY. CO.
#### No. 2027.

Court of Civil Appeals of Texas. Beaumont. Nov. 20, 1930.

Willett Wilson, Roberts Monteith, Baring & Wilson, and Elbert Roberts, all of Houston, for appellant.

Wm. Streetman and Jas. E. Kilday, both of Houston, for appellee.

WALKER, J.

Appellant, D. W. Stakes, owning the equitable title to the following described tract of land, to wit: "A sixty (60) foot strip of land off the East side of Farm Tract No. 3 Unit D, Elena Fruit and Cotton Farm, as recorded in Plat Book No. 7, page 48 and 49, of the

Plat Book Records of Harris County, Texas, including the improvements"—brought suit in trespass to try title to recover the same against appellee, Houston North Shore Railway Company, duly chartered under the laws of the state of Texas. Appellee's answer, upon the only point material on this appeal was by cross-action, asking that the land be condemned for right of way purposes for its railroad. Appellee built its track upon this land, claiming the right to do so under deed from the holders of the legal title, who were the vendors of appellant, but with no claim of right from or under appellant, the holder of the equitable title.

When appellee built its railroad across appellant's land, it had actual or constructive knowledge of all rights owned and asserted by appellant on the trial of this case. The improvements consisted simply of the railroad track, ties, etc., with the construction work necessary thereto. On this statement of facts appellant, among other pleas, answered appellee's cross-action as follows: "(a) The property described in the carrier's cross-bill was subject to condemnation, (b) the carrier was entitled to have it condemned, (c) all proceedings up to the time of trial had been according to law, and (d) the only issue between Stakes and the carrier was that involving the value of the land actually taken and the damages to contiguous land not taken."

This answer was filed by appellant in order to have the right to open and close in the introduction of his evidence and the presentation of his argument to the jury. On this answer this right was granted him. The issues of damage submitted to the jury, with its answers, were as follows: (a) The reasonable market value per acre of appellant's 90 acres of land on December 16, 1929, was $125 per acre; (b) the remainder of appellant's 90 acres was injured by the building of appellee's railroad across the land; (c) the amount of such damages to the remainder of the land was $1,250. On this verdict appellee was awarded "an easement for railroad purposes on, over, along and across the land" in controversy, and appellant was awarded his damages in the amount fixed by the jury.

Opinion.

 The only questions before us relate to appellant's exceptions reserved against the following special charges given by the trial court to the jury:

"You are instructed that as a part of the law of this case, you will not consider any evidence showing or tending to show that Houston North Shore Railway Company was a trespasser on the land sought to be condemned by it at the time said Railway Company entered thereon, or showing or tending to show that said Railway Company has at any time been a trespasser thereon since its entry."

"Gentlemen of the Jury: You are instructed that, under the law applicable to this case, the cross-defendants, or either of them, are not entitled to recover anything for or representing the value of the improvements placed on the property in question by the Houston North Shore Railway Company, and you will therefore not consider any evidence in this case upon said feature in rendering your verdict herein."

Appellant had introduced evidence sufficient, as a matter of law, to establish the fact that appellee, in building its railroad tracks across his land, was a trespasser, and to raise the issue against appellee that the value of the improvements placed upon his land by appellee in this trespass exceeded $5,000.

These charges were not error, but correct statements of the law of this state. The law, as presented by these charges, has been so many times announced by the courts of this state that a further discussion could add nothing to what has been said so clearly heretofore. The authorities are as follows: Preston & Smith v. Sabine & East Texas Ry. Co., 70 Tex. 375, 7 S.W. 825; International Bridge & Tramway Co. v. McLane, 8 Tex. Civ. App. 665, 28 S.W. 454; Texas & Pacific Ry. Co. v. Hays, 3 Willson, Civ. Cas. Ct. App. § 56, page 79; Davidson v. H., E. & W. T. Ry. Co., 3 Willson, Civ. Cas. Ct. App. § 400, page 473; Texas Western Ry. Co. v. Cave, 80 Tex. 137, 15 S.W. 786; S. A. & A. P. Ry. Co. v. Ruby, 80 Tex. 173, 15 S.W. 1040; Hendry v. Trinity & Sabine R. Co., by Judge Hurt, 24 A. & E. Railroad Cases, 286. This last case is interesting, in that it draws a distinction between the railroad track and the necessary work thereto, and section houses.

On authority of the cases just cited, the judgment of the lower court is in all things affirmed.