### CITY OF JASPER v. BROWN.
### No. 2055.

Court of Civil Appeals of Texas. Beaumont.

March 31, 1931.

Rehearing Granted in Part June 3, 1931.

Garland Smith, of Jasper, and A. D. Lipscomb, of Beaumont, for appellant.

J. T. Adams, of Orange, and Adams & Hamilton, of Jasper, for appellee.

WALKER, J.

This case was tried in the district court of Jasper County upon the pleadings of appellant as plaintiff, and appellee as defendant. No evidence was introduced. Appellant alleged that it was a municipal corporation duly incorporated under the laws of the State of Texas; that its citizens, under authority of law, had voted a bond issue of $60,000.00 for the purpose of building a sewer system for the use of its citizens; that the sewer system was regularly installed and in installing it it was necessary to cross appellee's land; that he gave his oral consent to this act on the part of appellant and that without objection he permitted appellant to install its sewer system across his land; that after it was thus installed appellee, without the knowledge and consent of the city council of the City of Jasper or of any member of the city council or any representative of the city, went upon his land and "wilfully, maliciously and unlawfully made excavations into the main line of said sewer system and did break and destroy same so as to prevent the continuous flow of the sewerage that is now being emptied into said line for transmission into the final disposal plant at the end of said line." Appellant alleged that appellee had damaged its system $500.00 and by his interference was destroying the effectiveness of the system and thereby damaging appellant in the further sum of $60,000.00. The prayer was for a temporary injunction restraining appellee from interfering "with the repairing and reconstruction of said sewer line, and from intimidating the employees of said city in the construction and repairing of said line" etc. The temporary injunction was granted as prayed for, it remaining in force until the case came on regularly for trial.

Appellee's answer presented the propositions that appellant's petition was defective in the following respects: (a) the petition failed to allege whether the permission given to cross appellee's land was oral or in writing; (b) if an oral agreement it was in violation of the statute of frauds; (c) oral consent cannot be the basis of a perpetual easement in land "unless a consideration is paid, together with possession and valuable improvements"; (d) there was no allegation that the property was under the exclusive control and management of the defendant; (e) there was no allegation that appellant had no adequate remedy at law in that the petition failed to state "whether the defendant Brown was insolvent and could not respond in damages for the acts alleged to have been committed by him" and "said petition shows on its face that it is an effort by plaintiff to accomplish the whole purpose of the suit by injunction, without trial on the merits."

It was conceded by appellee that appellant's petition, tested by it allegations, shows on its face "that the City of Jasper, incorporated as alleged, is vested with the power of eminent domain for the purpose of acquiring the rights as alleged." Appellee specially plead that he was the owner in fee simple of the land in controversy; that it was his homestead; and that appellant entered upon his premises without his permission and without any authority of law and constructed its sewer line across his premises. He further plead that appellant had appropriated his premises, thereby damaging him in the sum of $1200.00 as the value of the land appropriated and the additional sum of $675.00 for the illegal construction of the sewer system.

Upon trial to the court without a jury, appellee's special exceptions were sustained, the temporary injunction was dissolved and all relief prayed for by appellant was denied. Appellee was granted an injunction restraining appellant "from the use of the sewerage line on the premises of said cross actor, C. C. Brown, as prayed for in his petition, and on and over the premises described in said cross actor's petition." Appellee was granted judgment for all costs incurred. From the judgment thus entered appellant has duly prosecuted its appeal.

This judgment was error. Having the right of eminent domain, appellant's entry upon and appropriation of appellee's land for the purpose of constructing its sewer line across the land did not constitute it a trespasser in the sense in which that word is used where one without authority of law enters upon another's land and erects improvements thereon. In taking appellee's land, appellant did not exceed its legal rights or jurisdiction, that is, under the allegations of the petition and answer it was made to appear that appellant had the legal right to condemn appellee's land and appropriate it for the purpose of its sewer system. The entry without condemnation proceedings or due authority from appellee was merely an irregularity, of which he cannot complain after the sewer system was installed. Of course, the entry was irregular and, had appellee duly complained, the courts would have protected him in his possession by injunctive relief until appellant, by due process of law, had condemned his land. That the entry by appellant was wholly without authority from appellee, or even against his express wishes, did not vest him with the right to oust appellant by force nor to destroy the improvements placed upon his land by appellant. As the sewer system was laid across the land in question, under the power of eminent domain, appellee's measure of damages and the

extent of his relief was to pray for damages, as he did in his cross action.

The propositions thus announced have full support in the authorities cited by us in Stakes v. Houston North Shore Ry. Co., 32 S.W.(2d) 1110. It follows that the trial court erred in dissolving the injunction theretofore granted in appellant's favor restraining appellee from interfering with the construction, maintenance and operation of its sewer system. To this extent the judgment of the lower court is reversed and judgment here rendered in favor of appellant, restraining appellee from interfering with the construction, maintenance and operation of the sewer system pending the final disposition of this case in the lower court. It is our further order that on the issue of damages the judgment of the lower court be reversed and upon another trial, upon proper allegations and prayer by appellant, that the land in controversy, or so much thereof as is necessary for appellant's uses, be condemned under its power of eminent domain and that appellee be granted appropriate relief under his prayer for damages.

### On Rehearing.

A careful review of the pleadings of appellant in this case has convinced us that it made no issue in the lower court of ownership of an easement across appellee's land. The allegation is merely that defendant "gave his oral consent to the City that such lines could be laid across" his premises. Upon this statement of fact appellant alleged that appellee was injuring and threatening to injure its sewer system as and where it crossed his premises. The prayer was merely that the temporary injunction previously granted restraining appellee from injuring the sewer system be made permanent. The prayer was also for $60,000 damages to the sewer system. To this petition appellee replied by a sworn denial of all affirmative allegations made against him, and by further pleading for damages for the trespasses committed by appellant against him and for the appropriation made by appellant of the right of way across his premises.

■ On this statement appellee insists that we erred in our original opinion in granting the injunction against him. This contention must be sustained. Appellant was entitled to an injunction against appellee only on the theory that he was threatening injury to its property. By his sworn answer these allegations were denied, and since appellant offered no proof in support of its allegations and the case was tried merely upon the petition and answer, the court correctly dissolved the temporary injunction and refused to grant a permanent injunction against appellee restraining him from doing things in the future that he had not done in the past, and was not threatening to do.

■ However, under article 3269, R. S., and the authorities cited in our original opinion, appellee was not entitled to a writ of possession against appellant and, for that reason, the lower court was in error in granting him an injunction restraining appellant from entering upon his premises and from using the sewerage line across his premises. Whether the trial court was in error or not in sustaining the special exceptions against appellant's petition, the order we have just made grants it all rights to which it was entitled under its allegations and the answer of appellee on the merits.

When the special exceptions were sustained against appellant's petition, it appears that appellee abandoned his claim for damages for the trespass and appropriation of the right of way, and that the only two issues adjudicated by the lower court were: (a) The appellant's right to an injunction; (b) appellee's right to an injunction. With appellee's plea for damages eliminated, these were in fact the only two issues made by the pleadings in the lower court. It follows that in affirming the judgment of the lower court refusing appellant an injunction, and in dissolving the injunction granted to appellee, we have disposed of all the issues involved in the judgment appealed from.

Appellee also correctly insists that we should not reverse the case to give appellant an opportunity in this case to amend its pleadings and ask for condemnation. So in reforming and affirming the judgment of the lower court it is our order that nothing said on this appeal by us nor adjudicated by the lower court shall be res adjudicata of appellee's right to sue appellant for damages for trespassing upon his premises, nor of appellant's right to reply thereto by a cross action asking for condemnation under article 3269, nor by any allegation of fact that would constitute an answer to appellee's prayer for damages.

The motion for rehearing is granted and the judgment of the lower court reformed and affirmed, with costs taxed against appellee.