STATE OF MISSOURI upon the information of ROY McKITTRICK, Attorney General, at the relation of H. L. MARTIN, GILBERT STONER, WARREN MORGAN, EARL BOETTNER, EVERETT GARST and R. L. ADAMS, Relators, v. LEWIS K. STONER, HAROLD STONER and JESSE F. BEAL.—146 S. W. (2d) 891.

Court en Banc, February 1, 1941.

*Roy McKittrick,* Attorney General, *Covell R. Hewitt,* Assistant Attorney General, *Henry B. Hunt* and *James F. Gore* for relators.

*Clayton W. Allen* for respondents.

CLARK, J.—The Attorney General, at the relation of certain persons, has filed in this court an information in the nature of *quo warranto* alleging that respondents have illegally usurped the rights and privileges of directors of a pretended common school district, No 200, in Atchison County, setting forth the reasons why it is claimed said district has not been legally organized and why respondents have no valid title to such offices, and praying this court to oust respondents from such pretended offices and to declare the proceedings for the organization of said pretended district to be null and void.

Respondents filed their return, to which the relators first filed a reply and then a motion for judgment on the pleadings, whereupon respondents also filed a motion for judgment on the pleadings.

This state of pleadings confronted us in the case of Cammann v. Edwards, 340 Mo. 1, 100 S. W. (2d) 846. Following that case, we must hold: that, by filing their motion for judgment on the pleadings, relators abandoned their reply for the purpose of the motion, that is, by the motion they claim that even if the facts well pleaded in the return be true they constitute no defense; likewise respondents, by their motion for judgment on the pleadings, take the position that

even though the allegations well pleaded by relators be true they state no cause of action. Where both parties file motions for judgment on the pleadings, each party's right to a judgment must be determined from a consideration of his own motion as though no motion had been filed by the other party.

First we will consider the motion filed by relators. In doing so we cannot consider the allegations contained in relators' petition, for they are denied in respondents' return, but must look alone to the well pleaded allegations of the return.

The return, among other things, alleges: that Watson Consolidated School District No. 2 was organized in 1915; that on September 23, 1939, the consolidated district was dissolved by a vote of more than two-thirds of the resident voters and taxpayers of said district present and voting; that said election was duly called by posting in five public places in said district notices signed by ten resident voters and taxpayers; that on October 9, 1939, a certain described portion of the territory formerly in said consolidated district was organized as a common school district, at a meeting held at the High Creek schoolhouse pursuant to a notice posted in a public place more than fifteen days before the meeting; that at said meeting respondents were duly elected and qualified as directors. The return also alleges that the consolidated district failed to furnish adequate school facilities, but this is an immaterial allegation as the present existence of the consolidated district depends upon the validity of the proceedings to dissolve it.

The allegation in the return as to notice of the September meeting, at which it is claimed the consolidated district was dissolved, is "that said notices notified said resident voters and taxpayers of said district of the fact that there would be a public meeting of said resident voters and taxpayers of said Watson Consolidated School District Number Two." The return does not allege that the notices stated the time, place or purpose of the meeting. Section 9331, Revised Statutes Missouri, 1929 (Mo. Stat. Ann., sec. 9331, p. 7171), expressly requires the notices to state that the meeting will be held "at the school house in said district." The statute does not expressly require the notices to state the time and purpose of the meeting, but, of course, these things are implied. A notice which does not state the time of meeting is no notice at all and, in fairness, the purpose should also be stated.

The return fails to show that the election to dissolve the consolidated district was held on proper notice. If this election is void, the further proceedings to organize a common district and elect directors are also void.

Respondents attached to their return certain exhibits, alleging in the return that they were attached to and made a part of the return. It has been repeatedly held that such exhibits form no part

of the pleading and cannot be considered in passing on a demurrer. [Robinson v. Levy, 217 Mo. 498, 117 S. W. 577; Pullis v. Somerville, 218 Mo. 624, 117 S. W. 736; State ex rel. v. Haphe, 326 Mo. 460, 31 S. W. (2d) 788.] But we have also held that such exhibits may be considered in explanation of allegations in the pleading. State ex rel. v. Joynt, 341 Mo. 788, 110 S. W. (2d) 737; Homan v. Employers Reinsurance Co., 345 Mo. 650, 136 S. W. (2d) 289; and such exhibits may be considered as admissions against interest of the party vouching for them.

So far as material here, said exhibits are as follows: Exhibit A purports to be the minutes of the meeting of September 23, 1939. It states that the meeting was held on said date at six o'clock A. M. at the High Creek School House; that five notices, signed by ten qualified resident voters and taxpayers, were posted on September 6 in five specified places stating that a meeting would be held at said time and place for the purpose of voting on a proposition to dissolve said consolidated school; that twenty-six votes were cast for, and three against, dissolution.

Exhibit B purports to be the minutes of the meeting of October 9, 1939; states that one notice of the meeting was posted in a specified place; that the vote was forty-one for, and one against, organizating a common district; that a plat of the district was adopted and respondents elected as directors.

Relators contend that our statutes require all special school district meetings to be called by the school board and all notices posted by the clerk. We think there is merit in this contention, but it is unnecessary for us to pass upon such question, for other reasons compel us to hold that the consolidated district has not been legally dissolved.

Respondents' exhibits show that the election to dissolve the district was held at six o'clock in the morning, at a rural schoolhouse and not at the high school maintained in the district; that no notice of such meeting was posted in the Town of Watson and only twenty-nine votes were cast.

Elections should be so held as to afford a free and fair expression of the popular will and mandatory statutory requirements be followed. [State ex rel. v. Arnold, 278 Mo. 672, 213 S. W. 834; O'Laughlin v. City of Kirkwood, 107 Mo. App. 302, 81 S. W. 512; Bowers v. Smith, 111 Mo. 45, 20 S. W. 101.] Fraud in consolidated school district elections is a proper subject of inquiry in *quo warranto*. [State ex rel. v. Consolidated District, 318 Mo. 865, 1 S. W. (2d) 94.]

Watson Consolidated School District No. 2 must embrace two other districts besides the village district of Watson. [Sec. 9345, R. S. 1929, Mo. Stat. Ann., sec. 9345, p. 7182.] As before stated, Section 9331, supra, requires a meeting for the dissolution of a consolidated district to be held at "the schoolhouse in the district." The statute does not say the meeting shall be held at *a* schoolhouse or at *some* or *any*

schoolhouse. We think it means that the meeting shall be held at the central schoolhouse where the high school is maintained, which in this case would be at the schoolhouse in Watson, and near which, it may be presumed, the greater number of the district inhabitants reside.

The statutes do not expressly provide the time of day for holding such a school meeting, nor the place where the notices shall be posted, but the facts that the meeting was held at six o'clock in the morning, before sunrise, at a remote schoolhouse, and no notice posted in the most populous part of the district, strongly indicate that those sponsoring the meeting did not desire a full and fair expression of all the voters of the district. The further fact that only twenty-nine voters participated in the election indicates that a full and fair expression was not had.

On this motion we cannot consider the allegations of the information as to the number of votes cast at other elections, but we can judicially note the fact that the Village of Watson contains more than two hundred inhabitants. We also know that the consolidated district comprises at least two other districts besides the Watson district. Respondents' brief admits that there are six schoolhouses, and presumably six common districts, in the consolidated district. Respondents' exhibits show that in the pretended election to organize a common district forty-two votes were cast from a small portion of the district while in the election to dissolve the consolidated district only twenty-nine votes were cast from the entire district.

Respondents argue that six o'clock in the morning is not an unusual hour for an election to start, citing the general election statute requiring the polls to open at six A. M., but that statute requires the polls to remain open continuously until seven P. M., which was not required and was not done at the election now being considered.

From respondents' return we conclude that the election of September 23, 1939, to dissolve the consolidated district, was fraudulent and void. It follows the proceedings to organize a common district and elect directors are also void. Therefore relators' motion for judgment on the pleadings must be and is sustained and the corresponding motion of respondents is overruled.

It is therefore adjudged by the court: that the election of September 23, 1939, purporting to dissolve Watson Consolidated School District No. 2, be and is hereby declared null and void; that the further proceedings purporting to organize a common school district be and are hereby declared null and void; and that respondents be and are ousted from their claimed offices as school directors and excluded from all rights, privileges and franchises as such directors; and that the costs of this suit be and are adjudged against respondents. All concur.