**CITY OF DALLAS v. MEGGINSON et ux.**

No. 14068.

Court of Civil Appeals of Texas. Dallas.

May 27, 1949.

Rehearing Denied July 8, 1949.

H. P. Kucera, City Atty., and Robert B. Hershey, Asst. City Atty., both of Dallas, for appellant.

Nathaniel Jacks, of Dallas, for appellees.

CRAMER, Justice.

Appellees Mcgginson and wife sued appellant City of Dallas, alleging the discharge of waters from a sewer into a creek which ran through their home property so as to constitute a nuisance, and sought as relief only an injunction to abate the nuisance. There was no prayer for damages. Appellant City answered by denial, by special defense that it had no control over the ravine; conditions over which it had no control were responsible for the injuries complained of; that the septic tanks in the community were installed by property owners, were not under the City's control, and were installed before the property became a part of the City; that property owners below appellees' property (before the storm sewers were installed and before appellees bought their property) had constructed a dam across the ravine which caused waters to stand on appellees' property. Appellant City also brought a cross-action under art. 3269, R.C.S.1925, Vernon's Ann.Civ.St. art. 3269, to condemn an easement over and across appellees' land for additional flowage rights. The jury in answering the special issues submitted found, in substance, that (1) the storm sewer diverts and causes to flow upon appellees' property surface water which did not flow thereupon prior to construction of the storm sewer; (2) that it concentrates and causes surface water to flow upon appellees' property which did not theretofore flow upon their property; (3) it increased the volume of flow and (4) the rate of flow, and (5) caused it to flow at more frequent intervals; (6) caused dirt from around roots of trees on their property to be washed away; (7) caused septic tank water to drain upon their property; (8) caused water to flow upon their property which emits foul odors; (10) caused a condition that endangers health; (11) caused a condition that gives offense to the senses and (12) interferes with the reasonable and comfortable use and enjoyment of their property; (14) causes odors that produce real and material discomfort to persons of ordinary sensibility; (15) caused a condition that has decreased the fair market value of their property; (16) that the storm sewer was a necessary public improvement in order to provide storm sewer drainage; (17) that it is not necessary for the City to condemn plaintiff's property in order to dispose of the water from the storm sewer in question; (19) that appellees' property would sustain injuries by the condemnation of the property for flowage rights; (20) of $1,000, and (21) that the remaining portion of appellees' property after the condemnation for such flowage rights will be diminished in market value (22) in the sum of $3,000; (23) that appellees' property would not sustain benefits by such condemnation, nor (25) would it increase in market value by reason of such condemnation.

On this verdict the court entered judgment enjoining appellant from using or operating the storm sewer, as now constructed, and from further creating or permitting a nuisance to be created upon appellees' property by permitting surface water and septic tank water to be drained by the storm sewer and discharged in such manner that it flows in and upon appellees' property from the outlet of such storm sewer, and to abate the nuisance of same; and ordered the City to take such necessary action and to "adopt such ways and means, among which may be the construction of a storm sewer" across appellees' property "under the condition of the easement hereinafter granted"—"as may be necessary to accomplish these orders and the abatement of the nuisance hereby and herewith enjoined"; allowed 90 days to comply with the judgment and provided that if it is not complied with, "the judgment and injunction herein granted shall become absolute and final against the use of the storm sewer

above described, in any such manner as is herein prohibited and permanently enjoined."

The judgment then decrees to the appellant City, against appellees, "an easement in and to and across that natural ravine beginning at Stonegate Drive and running north in a winding course through the cross-defendants', P. D. Megginson and Gladys Megginson's property, to an alley, said property or ravine being on Lot Number 12, Block Number 3 of Highway Estates as per map or plat thereof on record in Volume 6, page 355 (described as page 365 'in appellant's cross action), Map Records of Dallas County, Texas, for the purpose of establishing, constructing and maintaining a storm sewer constructed of thirty-inch pipe and laying same across the length of cross-defendants' property from Stonegate Drive to the alley behind the cross-defendants' property, being 180 linear feet, and for the flowage rights through said storm sewer to where the City of Dallas can concentrate and drain waters through said storm sewer northward from Stonegate Drive and its surrounding watershed." Also for a money judgment of $4,000.

■ Appellant City's first point of error challenges the right of the trial court to issue the injunction, since the jury, in answer to special issue 16, found that the storm sewer in question was a necessary public improvement; and appellant, by cross action under art. 3269, R.C.S.1925, sought to condemn an easement over appellees' land for flowage rights.

This assignment must be sustained. Art. 1175, R.C.S.1925, subd. 15, authorizes a city to condemn property in fee, or an easement therein, at its discretion. This power is also contained in its charter in Chapter 2, section 8. Of this charter, Texas Courts take judicial notice; art. 1174, R.C.S.1925. The building of storm sewers by a municipality is a necessary public improvement; City of Houston v. Wall, Tex.Civ.App., 207 S.W.2d 664; State v. Hale, 136 Tex. 29, 146 S.W.2d 731.

■ The public improvement, under the facts here, was not subject to be abated. The damaging, or injury of private property under such circumstances cannot be enjoined or abated, but the injured party is relegated to his action for damages. City of Jasper v. Brown, Tex.Civ.App., 39 S.W.2d 112; State v. Hale, supra; City of Wylie v. Stone, Tex.Civ.App., 16 S.W.2d 862, affirmed Tex.Com.App., 34 S.W.2d 842; Henderson v. City of Longview, Tex.Civ. App., 111 S.W.2d 740; Kahn v. City of Houston, 121 Tex. 293, 48 S.W.2d 595; City of Dallas v. Early, Tex.Civ.App., 281 S.W. 883. See also 27 Texas Law Review, 263, for general discussion.

■ The City had the right to condemn the property of appellees by cross-action in the district court; art. 3269, R.C.S.1925; Brazos River Conservation and Reclamation District v. Costello, 135 Tex. 307, 143 S.W.2d 577, 130 A.L.R. 1220; Brazos River Gas Co. v. Brazos etc., Tex.Civ.App., 150 S.W.2d 350.

■ However, in order to condemn, the City was required to sufficiently describe the property to be taken, both in the petition, art. 3264, R.C.S.1925, Vernon's Ann.Civ.St. art. 3264, and in the judgment, art. 3271, R.C.S.1925. The description must be such that a surveyor, or other person skilled in such matters, could take such description and definitely locate the same on the ground. It must meet the same requirements as are necessary for a description in a deed. The description of the property as set out in the appellant's cross-action is as follows: "That natural ravine beginning at Stonegate Drive and running north in a winding course through the cross-defendants' property to an alley. Said property, or ravine, being on Lot No. 12, Block No. 3 of Highway Estates, as per map or plat thereof on record in Volume 6, page 365, Map Records of Dallas County, Texas. Further, the defendant says that in order to properly drain the vicinity, a storm sewer constructed of a thirty (30) inch pipe should be laid and that its length from Stonegate Drive to the alley behind the plaintiffs' property would be 180 linear feet."

The description in the judgment has already been set out above.

This description is not sufficient; Adams v. San Angelo Waterworks Co., Tex.Civ.App., 25 S.W. 165, and Note 34, following art. 3264, Vol. 9, Vernon's Ann.Civ.Sts., page 303, and the cases there cited.

The record does not show that the sum awarded as damages has been paid into the registry of the court; but, in view of our conclusion to remand the case, we do not pass on the necessity of a record showing of such deposit at this time. Webb et al. v. Dameron et al., Tex.Civ.App., 219 S.W.2d 581, and authorities there cited.

Having concluded that the trial court's judgment must be reversed for the errors above discussed, and since the other matters complained of probably will not recur on another trial, after amendment of the pleadings, we pretermit a discussion thereof.

Reversed and remanded.