**ACKER et al.   v.   SKINNER et al.**

No. 14779.

Court of Civil Appeals of Texas. Dallas.

Nov. 30, 1953.

Rehearing Denied Feb. 5, 1954.

Eades & Eades, Dallas, for appellants.

Phinney, Hallman, Reed & Holley, Dallas, for appellees.

CRAMER, Justice.

This is an appeal from an order sustaining a plea in abatement. Robert C. Acker et al., as legally qualified property taxpaying voters of both the territory formerly known as the Pleasant Grove Independent School District, and of the City of Dallas, filed this suit against Marshall Skinner et al., as former trustees of the Pleasant Grove Independent School District, alleging in substance, that for many years prior to 1949 there existed east of the then corporate limits of the City of Dallas a territory known as Pleasant Grove Independent School District, then legally organized as such; that the City of Dallas, at all times material here, had the right and power under its Charter to annex contiguous territory into its corporate limits. That the Dallas Independent School District then embraced all the territory within the City limits of the City of Dallas, and on or about Feb. 3, 1949 said City of Dallas duly and legally annexed, with other territory, all the territory theretofore constituting the Pleasant Grove Independent School District and as a result thereof said District and all its properties in said territory became a part of the City of Dallas subject to its powers, controls, functions and government, and thereafter, as a matter of law, said Pleasant Grove District ceased to exist and all the powers of the officers, trustees, etc., of said Pleasant Grove District became vested in the trustees of the Dallas District. That notwithstanding such facts defendants and each of them have illegally claimed their said offices as trustees of said Pleasant Grove District and have illegally assumed the management, control and government of said Pleasant Grove Independent School District and of the properties and assets within such District, and are now unlawfully exercising the powers and performing the duties of such defunct officers and have and are now unlawfully receiving all the profits and emoluments and enjoying the rights and privileges of the same; that some of the defendants are claiming said offices as trustees by virtue of an alleged appointment made by the School Board of Dallas County, Texas, on or about the 9th day of February, 1953; that said appointments are void since the Dallas County School Board had no legal authority or jurisdiction to appoint them, no Independent School District existing at the time of such appointments. They further alleged, in the alternative only, that in the event it is determined the Pleasant Grove Independent School District did not cease to exist, as such, upon the annexation of its territory by the City of Dallas, that thereafter the Pleasant Grove Independent School District was legally abolished on or about January 10, 1953, by an order duly made and entered by the County Judge of Dallas County in the Minutes of the Commissioners' Court of Dallas County pursuant to an election duly called, ordered, and held in such District, in which a majority of the qualified voters voted to abolish such District, and thereby did abolish it, and at that time said territory became a part of the Dallas Independent School District and subject to all the powers, control and government of said District, and as a result thereof defendants' appointments as trustees were void and without any authority. They alleged further in the alternative that after the election and the order of the County Judge abolishing the Pleasant Grove Independent School District in January 1953, a purported election was called by the County Judge based upon a purported petition of persons representing themselves to be property taxpaying voters of a common school district in which there was maintained a first class high school of twelve grades and offering sixteen or more credits, for Feb. 7, 1953, for the purpose of converting said al-

leged common school district into an independent school district; and pursuant to such call such purported election was held, the results canvassed February 9, 1953, and an order entered declaring a majority of the votes cast favored a change from common to independent school district; that thereafter the Dallas County School Board purported to pass an order creating the Pleasant Grove Independent School District in said territory, and appointed defendants a board of seven members to serve until their successors should be elected. That at the following election defendants were elected, such election canvassed, the defendants declared elected as trustees, and have now assumed their duties as such. Appellants further alleged that the orders of the Commissioners' Court were void since the election returns did not show a majority of the votes favored such change in such district; further that on or about May 2, 1953, an attempted election was held purporting to be for the purpose of electing seven trustees of Pleasant Grove Independent School District, even though no such district existed, and defendants now claim they have been elected trustees at that election, and are purporting to act as trustees of said Pleasant Grove District; that said appellees have assumed control of the properties in said district and intend to govern said district when in truth and in fact they have no legal right to do so. That they have announced they intend to take action to cause tax rates to be increased and to cause funds to be voted and to otherwise create debts and obligations for said district. That defendants will, unless enjoined, continue to attempt to govern, create debts and a bonded indebtedness on such district, all of which will result in irreparable injury to plaintiffs and other taxpayers in such asserted Pleasant Grove District.

In the further alternative they plead that in the event injunctive relief is not granted them that the court declare the rights, status, and legal relations of plaintiffs and defendants and that judgment be entered declaring such rights, status, etc.

The prayer was for injunction restraining defendants from acting or attempting to act as trustees, from creating or attempting to create debts for said district, and in the alternative that the rights, status, and legal relationships of plaintiffs, defendants, and said district, be determined and adjudicated and for general relief.

Defendants filed a plea in abatement asserting plaintiffs do not have the capacity to bring this suit; that only the State of Texas can question the validity of the corporate body by a quo warranto proceeding. Further, granting all facts alleged by plaintiffs to be true, they cannot maintain the suit for the reason that as a matter of law the territory in "Pleasant Grove Independent School District" has at no time ever been connected with or subject to Dallas Independent School District. They prayed that the cause be abated at plaintiffs' cost.

No evidence was introduced; the court sustained the plea in abatement based solely on the pleadings and such facts as it judicially knew. From the judgment so entered appellants have duly perfected their appeal and here brief seven points of error, in substance: The trial court erred in dismissing the cause without hearing the evidence because: (1–2) issues of fact were raised by the pleadings wherein it was alleged that the election of Feb. 7, 1953 was void for the reason the petition upon which it was based was not signed by legally qualified voters of the common school district; (3) it was shown that the attempted proceeding to create the new independent district from an alleged common district was void since such alleged common district did not then exist; (4) since it was shown that Pleasant Grove Independent School District was legally abolished on Jan. 10, 1953, and that the territory comprising such district had thereby reverted to the three or more common school districts which had comprised such territory at the time the independent district was created; (5) appellants have the right to adjudicate questions of fact as well as law raised by their pleadings and to secure a declaratory judgment on such issues; (6) the territory embraced in the Pleasant Grove Independent School District has, as a matter of law by reason of the annexation of such territory, become

a part of Dallas Independent School District, and (7) the territory embraced in the Pleasant Grove District became a part of Dallas District as a matter of law when the Pleasant Grove District was abolished by such election.

Appellees' plea in abatement sustained by the trial court contains two separate attacks on appellants' allegations: (1) The capacity of plaintiffs to maintain this suit; and (2) the Pleasant Grove District, as a matter of law, at no time became a part of the Dallas District.

■ We will consider the second attack first. The Dallas District is and has been since May 3, 1947, under the control of a board of trustees as provided in Art. 2783d, Vernon's Ann.Civ.St. Of such fact this Court takes judicial notice, under Art. 1174, V.A.C.S., of the Charter of the City of Dallas and all amendments thereto, such fact having been recorded at length on the official records of the City of Dallas. City of Dallas v. Megginson, Tex.Civ.App., 222 S.W.2d 349 (syl. 2), ref. n. r. e. The independent status above referred to was effected by Home Rule election held July 29, 1947, the result of said election having been properly recorded as provided in Art. 1174, supra, Art. 2783a and effective May 3, 1947.

But appellants assert that Art. 2783d is not exclusive, since it provides in sec. 11 thereof that the Act " * * * shall not repeal any law already in existence, * * * " and that on May 3, 1947, Art. 2804, V.A.C.S., was in existence.

Art. 2804 provides in substance, material here, that whenever the limits of any incorporated city or town constituting an independent school district are so extended as to embrace the whole or any part of an independent or common school district adjacent to said city or town, that portion of said independent or common school district embraced within the new corporate limits shall become a part of the school district. Art. 2804 was passed by the First Called Session of the 35th Legislature, 1917; and the Second Called Session, 1919.

■ Under the above record, and the applicable provisions of the statute, we construe the intent of the Legislature at the time of the passage of Art. 2783d to be that Art. 2804 should not be repealed, but would continue in force as to all independent school districts under municipal control, but should not be applicable to the Dallas District, after the date it was voted a separate entity. In other words, after the school district was voted a separate entity it was no longer a part of the municipal corporation, the City of Dallas. See Art. 2783a, adopted by 41st Legislature, p. 674, in 1929.

■ It follows from the above that after July 29, 1947, the date the Dallas Independent School District was separated from the municipal control of the City of Dallas and became a separate entity, the extension of the city limits of the City of Dallas " * * * for all municipal purposes * * * " did not extend the boundaries of the Dallas Independent School District so as to embrace any territory not at that time already within the boundaries of said Dallas Independent School District.

All points asserting the boundaries of the Dallas Independent School District were extended by the act of the municipal governing body of the City of Dallas when it extended its city limits for all municipal purposes, are overruled.

■ Appellants' attack on the capacity of appellees to bring this suit, in view of our holding that the City of Dallas by its extension of its boundaries, did not extend the Dallas School District boundaries, makes moot all questions with reference to their capacity or right to bring this suit.

All points relating to appellants' capacity to maintain this suit are for that reason overruled.

Finding no error in the trial court's judgment, it is

Affirmed.

## On Rehearing.

Appellants in their motion for rehearing assert we did not sufficiently discuss their attack on the validity of the election in question because the proceedings purported to change one single common school dis-

trict into the independent district here involved; whereas the territory actually comprised three or more common school districts; further that we erred in failing to hold a question of fact was raised as to whether or not the territory involved consisted of one or more common school districts.

 The district court judicially knew the boundaries of subdivisions of the county in which it sits and this Court on appeal has judicial knowledge that there are many taxing bodies and units in this State and that they include the State, counties, municipal corporations, water and navigation districts, school districts, and otherwise. City of Wichita Falls v. Cooper, Tex.Civ.App., 170 S.W.2d 777 (syl. 7). The Missouri Supreme Court has held it judicially knew the composition of a school district, State ex inf. McKittrick ex rel. Martin v. Stoner, 347 Mo. 242, 146 S.W.2d 891. It is also a matter of common knowledge of which this Court takes judicial knowledge that the boundaries of the Pleasant Grove School District have been practically the same since 1913 when it became by order of the County Board of Education Consolidated Common School District No. 24 (through consolidation of common school districts 58, 33, and 24), and that the only changes since that time have been the addition to said consolidated district 24 (by the County Board of Education) of a small portion of Riley Common School District No. 29 and a portion of Prairie Creek School District No. 100 on August 11, 1930. On Dec. 16, 1935 there was an order entered by said Board to show the correct line, or boundary line, established by such Board on August 11, 1930. The territory of the district was thereafter on June 28, 1937 changed by the County Board of Education by proper order to the Pleasant Grove Independent School District which independent status was abolished thereafter on Jan. 10, 1953 by legal election in the district, and the order of the Commissioners' Court declaring, on Jan. 15, 1953, the result of the Jan. 10, 1953 election. At the same time and as a result of the Jan. 10, 1953 election the County School Board immediately established such district as Pleasant Grove Common School District No. 915, continuing the metes and bounds description the same as in the abolished common district. (Under Attorney General's Opinion V–1083, a School Board has authority to reorganize an abolished district in such manner as it deems best.)

Thereafter on Feb. 7, 1953 the Pleasant Grove Common School District No. 915, as the result of another election held in the district, was converted into Pleasant Grove Independent School District No. 915, which is its present status.

 There is for the reasons stated above no question for a trier of the facts on the issue of whether or not the District before the last election was composed of one or three common school districts since it is undisputed that it was composed of but one common school district.

Finding no error in the assignments, we overrule the motion for rehearing.

Appellants' motion for rehearing is overruled.