John T. Kay Moniteau County Prosecuting Attorney Moniteau County Courthouse California, Missouri 65018
Dear Mr. Kay:
This opinion is in response to your questions asking:
 (1) If there are two positions to be filled at an election for members of a six-director school district and only one candidate has filed, does a person wishing to be a write-in candidate need to file a declaration of intent as required in Section 115.453(4) or can he receive votes without such a declaration being filed?
 (2) If your answer to the first question is that a person need not file a declaration of intent to become a write-in candidate in order to receive votes, can two undeclared write-in candidates defeat the one candidate listed on the ballot, or are the undeclared write-ins only eligible to receive votes for and be elected to the second position for which no one filed?
Section 115.453(4), RSMo 1986, provides, in pertinent part, as follows:
 115.453. Procedure for counting votes for candidates. — Election judges shall count votes for all candidates in the following manner:
* * *
 (4) Write-in votes shall be counted only for candidates for election to office who have filed a declaration of intent to be a write-in candidate for election to office with the proper election authority prior to 5:00 p.m. on the second Friday immediately preceding the election day. . . . This subdivision shall not apply to elections wherein candidates are being elected to an office for which no candidate has filed.
* * *
We assume that your questions refer to an election pursuant to Section 162.291, RSMo 1986, which provides as follows:
 162.291. Directors — election — qualifications. — The voters of each six-director district other than urban districts shall, at municipal elections, elect two directors who are citizens of the United States and resident taxpayers of the district, who have resided in this state for one year next preceding their election or appointment, and who are at least twenty-four years of age.
This statute does not require candidates to declare for a particular position; rather, the two candidates receiving the greatest number of votes are elected as the two directors. This is in contrast to the requirements of Section 162.281, RSMo 1986, that ". . . when directors are to be elected for terms of different lengths, each candidate shall declare for a term of a specific number of years and the different terms shall be voted upon as separate propositions."
In the situation described in your first question, only one candidate has filed for an election to fill two positions. Therefore, "candidates are being elected to an office for which no candidate has filed "within the meaning of the exception to the requirement of filing a "declaration of intent to be a write-in candidate" as set out in Section 115.453(4), RSMo 1986. We conclude that in the situation described in your first question, a person wishing to be a write-in candidate is not required to file a declaration of intent to be a write-in candidate in order for his votes to be counted.
Because of the conclusion reached in answer to your first question, it is necessary to address your second question asking whether two undeclared write-in candidates can defeat the one candidate listed on the ballot or if they are only eligible to be elected to the "second position for which no one filed."
In the scenario you have provided, "candidates are being elected to an office for which no candidate has filed." Section115.453(4), RSMo 1986. However, because candidates do not declare under Section 162.291, RSMo 1986, for a particular position, it cannot be determined which office has no declared candidate.
"Election laws must be liberally construed in aid of the right of suffrage. . . . While mandatory statutory requirements must be followed, `[e]lections should be so held as to afford a free and fair expression of the popular will. . . .'" Kastenv. Guth, 375 S.W.2d 110, 113 (Mo. 1964), quoting State at Inf.McKittrick ex rel. Martin v. Stoner, 347 Mo. 242, 146 S.W.2d 891,894 (Mo. 1941).
To conclude that the undeclared write-in candidates can only be considered for one of the two positions as director would mean that the declared candidate automatically is elected as a director, even if write-in candidates receive a greater number of votes. We believe such a result is contrary to the "free and fair expression of the popular will." Id.
Therefore, we conclude the two undeclared write-in candidates can defeat the one candidate listed on the ballot if they receive the greater number of votes.
CONCLUSION
It is the opinion of this office that: (1) if there are two positions to be filled at an election pursuant to Section162.291, RSMo 1986, for members of the board of a six-director school district and only one candidate has filed, a write-in candidate is not required to file a declaration of intent as provided in Section 115.453(4), RSMo 1986, for his votes to be counted; and (2) in the circumstances described above, two undeclared write-in candidates can defeat the one candidate listed on the ballot if they receive the greater number of votes.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General