MIRANDA H. LEDBETTER, Respondent, *vs.* JOHN HALL, Appellant.

1. *Elections, contest over—County courts, judges of—Notice of contest, what requisite in—Statute, construction of.*-In a notice of the contest of the election of a judge of the county court (Wagn. Stat., 573, § 34), it is sufficient if the notice conforms to the statute, and it is not necessary to state the contestant's eligibility, nor that the result would have been different, if the irregularities had not occurred.

2. *Elections—Ballot, numbering of—Statute, construction of.*—If the judges of election do not cause to be placed on each ballot the number corresponding to the number of the voter offering it, it cannot be counted. (Wagn. Stat., 566, 567, § 15.)

*Appeal from Gentry Circuit Court.*

*Geo. W. Lewis, with Bennett Pike & Vinton Pike,* for Appellant.

I. The notice must set forth specifically and with precision the facts that, if true, would have changed the result. (Skinet's case, Brightly Lead. Elec. Cas., 320, and note.)

It is certainly insufficient, and the objection to any evidence was equivalent to a motion to quash the notice. (Wilson vs. Lucas, 43 Mo., 292-3; Castello's case, 28 Mo., 259.) It does not allege that he was eligible or qualified to hold the office he is contesting. (39 Mo., 388; 37 Mo., 330; 13 Mo., 532; 19 Mo., 63; 20 Mo., 87; 3 Sandf., 437; 4 Id., 681, 665, 7 Barb., 80; 16 Id., 89; 2 Conn., 210; 1 E. D. Smith, 168; 5 Sandf., 587.)

II. The action of the judges in counting the votes is conclusive, and the trial court should not reverse their action. Section 15 (Wagn. Stat., 566) is directory. Whether the statute is mandatory or not, depends upon whether the thing directed to be done is of the essence of that required. (Rex vs. Loxdale, 1 Burr, 447; Pot. Dwar., 224, note; 3 Denio, 249; 25 Wend., 696; 3 Hill, 43; 5 Cow., 269; 7 Hill, 9; 11 Wend., 604; 19 Id., 143; Pot. Dwar., 222, 223, 224; 2 N. H., 299.)

SHERWOOD, Judge, delivered the opinion of the court.

The contestant, Ledbetter, brought this suit against Hall, the contestee, in order to be declared and adjudged entitled to the office of Justice of the county court of Gentry county, in consequence of an election held in November, 1870. The only ground of contest was as to the vote cast in Miller township. Judgment went in favor of the contestant, and his adversary has appealed.

## I.

Wagn. Stat., 573, § 54, provides, that: "In every contested election, the party contesting shall give to the opposite party notice in writing, ten days before the term of the court at which such contest is to be tried, specifying the grounds upon which he intends to rely, the names of all voters objected to, with the objections."

These provisions were complied with, and the grounds relied upon, the names of all voters objected to, and the objections were properly set forth, and the notice was served in due time, so there was no room for complaint on that score. The statement in the notice, that the contestant had been duly and legally elected to the office in controversy, necessarily implied his eligibility for the official position. But the statute, as above seen, makes no requirement of the kind in the notice referred to. As to whether the result would have been changed, had the alleged irregularities not occurred, was a matter to be determined by the evidence adduced at the trial, and was not requisite in the notice. It was sufficient to conform the notice to the statute, and this, as before stated, was done.

The case of Wilson vs. Lucas (43 Mo., 290), to which we have in this connection been cited, was based on section 80 of the same chapter, in relation to a contested election between candidates for the circuit judgeship, and the requisites of the petition to be filed under the provisions of that section; and hence that case can have no relevancy to the case before us.

## II.

By the terms of section 15 of the chapter already under discussion, "it is made the duty of.the judges to cause to be placed on each ballot the number corresponding with the number of the voter offering the same; and no ballot, not numbered, shall be counted."

All other grounds of contest were abandoned at the trial, except that the judges of election in Miller township failed to do their duty in the particular just adverted to. The evidence adduced established this neglect of duty. In the other townships the vote stood:

for contestant   -   -   -   -   -   -   577
·for contestee   -   -   -   -   -   -   529

Leaving for contestant a majority of   -   -   48

But the township in dispute gave to the contestee 164 votes and to the contestant 83 votes, so that if Miller township could properly be included in determining the vote cast, the result would be

for contestee   -   .-   -   $529 \times 164 = 693$
for contestant   -   -   -   $577 \times 83 = 660$

Giving a majority for contestee of   -   -   -   33

The statutory prohibition, however, must be enforced, and its enforcement will give to contestant the majority, to which the court below held him entitled.

Judgment affirmed. The other judges concur. Judges Vories and Wagner absent.