THE STATE, ex rel. MERCER COUNTY, C. E. MIN-
TER, JAMES T. ALLEY and WILLIAM HORN
v. JOHN P. GORDON, State Auditor.

**In Banc, May 20, 1912.**

1. **COUNTY BONDS: Notice of Election: Copy of Order.** A copy
of the order of the county court ordering an election to author-
ize the issuance of bonds to build a courthouse, the order itself
embracing all the recitals required to be inserted in the notice
and being verified by the signature of the presiding judge and
the certificate and signature of the county clerk, and published
in that form, is a sufficient notice of the election.

2. ———— : ———— : **Designation of Polling Places.** A notice of
a county election to authorize the issuance of bonds is not insuf-
ficient or invalid because it fails to designate the polling places
in the county where said special election is to be held. The
statute requires such an election to be "held and conducted in
the same manner . . . in all respects the same as in elec-
tions for State and county officers, as far as the law in relation
thereto are applicable," and the general statutes do not require
that notice shall be given of the places where elections are to
be held. All persons are required to take notice of public stat-
utes and the voters of the county are compelled to know that the
election to vote courthouse bonds will be conducted in the same
manner and at the same places as general elections have hitherto
been conducted in the county. [Distinguishing Martin v. Ben-
nett, 139 Mo. App. 237.]

Mandamus.    Original Proceeding.

WRIT ALLOWED.

*Ira B. Hyde & Son* and *E. M. Harber* for relators.

(1) The notice is sufficient according to the spe-
cial statute, sec. 1261, which governs that question. It
is evident that each and every requirement of said
statute was fully met to the letter, and it certainly
must be conceded that said statute does not require
the polling places to be designated in said notice. Such
being the case, notice was valid, and it matters not
whether said statute is construed as mandatory or sim-

ply directory, for the reason that it was fully complied with. (2) However, it is urged by respondent that section 1263, providing that the election shall be held and conducted in the same manner as in elections for State and county officers; that certain sections of such general election law, namely, sections 5804 and 11676, provide that each township may be divided into as many election precincts by the county court as said court may think the convenience of the electors requires; that said statutes contemplate the designation of the election precincts or polling places in said notice. While it is difficult to see that these statutes have any other application than merely prescribing how the election shall be conducted on the day of election, yet, if, considered on the question of notice, they are complied with, for the notice did state that the election would be held in Mercer county, whose voting precincts or balloting places had been established for more than twenty years. State ex rel. v. Bassett, 133 Mo. App. 366. The statute prescribing the contents of the notice does not require the place to be stated, but does require the day on which the election is to be held. (3) Section 1261 covers the entire question of notice in this class of elections and is exclusive, the rule being that where a statute in relation to special proceedings is complete in itself and covers the entire subject, it is exclusive, and the proceedings under it are governed solely by its provisions. The notice here given in every respect complied with requirements of sec. 1261. Ackerman v. Green, 201 Mo. 244; Baker v. Railroad, 36 Mo. 543; Carter v. Tindall, 28 Mo. App. 319; Schwoerer v. Christophel, 64 Mo. App. 81; State ex rel. v. City, 35 Utah, 25; State ex rel. v. County, 114 Pac. (Utah) 522. (4) It is a general rule that when the voters have had an opportunity to express and have fairly expressed their will, an election should not be held invalid for mere irregularities which in no way affect the result. Sanders v. Lacks, 142 Mo. 255; State

ex rel. v. Roberts, 153 Mo. 112; State ex rel. v. Swanger, 212 Mo. 472; State v. Swearingen, 128 Mo. App. 613; Bowers v. Smith, 111 Mo. 61.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for respondent.

This being a special election, called for the purpose of incurring an indebtedness in excess of the total income and revenue of such county provided for any one year, all the requirements of the statutes pertaining to the holding of such election must be strictly complied with. St. Louis v. Epperson, 97 Mo. 300; Post v. County, 47 Fed. 282; County v. Marcy, 97 U. S. 96; Thomasville v. Light Co., 122 Ga. 399; Williams v. People, 132 Ill. 574; Railroad v. Bearss, 39 Ind. 598; Clarksdale v. Broaddus, 77 Miss. 667; Hauswirth v. Mueller, 25 Mont. 156; State v. Babcock, 25 Neb. 500; Martin v. Bennett, 139 Mo. App. 237; Davis v. County, 116 Ga. 491. (2) The statute prescribed the contents of the notice of election. That notice shall state the place where the election will be held. The purpose of this provision is to impart information to the electors, so that they may know where to deposit their ballots and thus express their wishes concerning the question whether a tax shall be imposed on their property. Whatever may be the rule with respect to the election of public officers, we are satisfied that where the statute prescribes that the notice of an election for the purpose of burdening property with a tax shall specify the place at which voters may vote, the provisions are mandatory, and must be substantially complied with. No requirement of the election law is more important to be observed than that where the election is to be held. Hilburn v. Railroad, 23 Mont. 247; Johnstone v. Robertson, 8 Ariz. 361; People v. Gohcenour, 54 Ill. 123; Stephens v. People, 89 Ill. 337; Hendersonville v. Jordan, 63 S. E. (N. C.) 167; Barry v. Lauck, 5

Coldw. (Tenn.) 588; Knowles v. Yates, 31 Cal. 92; Melvin's Case, 68 Pa. St. 338. (3) The notice of election purporting to inform the voters of Mercer county of the matters to be voted upon was not such a notice as is contemplated by sec. 1261, and incorporating the order of the court without notifying the voters that an election would be held in the manner prescribed by such order, did not remedy the defect; and said order, thus incorporated, in said purported notice, failed to designate the election precincts and the polling places therein. Gaston v. Lampkin, 115 Mo. 20; St. Louis v. Epperson, 97 Mo. 300.

BROWN, J.—Original action by mandamus in this court to compel respondent, as State Auditor, to register county bonds.

On the 3d day of October, 1911, a special election was held in Mercer county, Missouri, submitting to the qualified voters of that county a proposition to authorize the issue of $75,000 county bonds to raise money to build a courthouse.

At said election, 1474 votes were cast for and 369 votes against the issue of said bonds. More than two-thirds of the qualified votes cast in said election being in favor of said issue, the county court declared the proposition carried, issued the bonds authorized and attempted to have the same registered and certified by respondent as Auditor of the State of Missouri. Respondent having refused to register and certify said bonds, this action was instituted on April 22, 1912, to compel him to do so.

Respondent has filed his return to the alternative writ issued herein defending his action in refusing to register and certify said bonds, on the following grounds:

1. That the notice of election to authorize the issue of said bonds as published, was in fact no notice

at all, because it was only a copy of the order made by the county court requiring notice to be given.

2.   That the notice of said special election to issue bonds failed to comply with sections 1261 and 1263, Revised Statutes 1909, in that it failed to designate the polling places in Mercer county where said special election was to be held.

Respondent also attacks the notice of election on other grounds which he does not urge in his brief, and which we do not find worthy of special mention in this opinion.

The relators move the court for a judgment in their favor upon the pleadings.

The notice of the special election to authorize the issue of bonds is in fact only a certified copy of the order made by the county court of Mercer county ordering a special election to be held, and is as follows:

### NOTICE OF ELECTION.

Notice is hereby given that at the regular August term of the county court of Mercer county, Missouri, held at Princeton, Missouri, and on the 10th day of August, 1911, the same being the fourth day of said term, a petition of Edd Kauffman and more than one hundred others of the qualified voters of said county, taxpayers therein, praying for an election to authorize the incurring of an indebtedness for the purpose of building a courthouse, was presented, and the following proceedings were had, to-wit:

Order calling special election to authorize the issuance of $75,000 bonds for the purpose of building a courthouse.

Now, on this 10th day of August, the same being the fourth day of the regular August term of the county court of Mercer county, Missouri, comes Edd Kauffman and more than one hundred of the qualified voters of Mercer county, who are taxpayers therein, and present to the court their petition and application, in writing, praying for a special election to authorize the incurring of an indebtedness for the purpose of erecting a courthouse at the city of Princeton, Missouri, in the sum of not exceeding $75,000, and to issue bonds for such indebtedness and to levy sufficient taxes to pay the same, and

Whereas, It has become necessary for Mercer county, Missouri, to incur an indebtedness for the purpose of building

a courthouse in excess of the total income and revenue of said county, as provided for in any one year as limited by law.

Now, therefore, it is hereby ordered that a special election be held in the county of Mercer and State of Missouri on Tuesday, the third day of October, 1911, for the purpose of authorizing the incurring of said indebtedness; the issuance of said bonds and the levying of such taxes, and that at least twenty days' notice of said election be given by publication in the Princeton Telegraph, the Princeton Post and the Mercer Signal, three several newspapers published in said county of Mercer and State of Missouri; that such special election will be held on Tuesday, the third day of October, 1911; that the amount of the indebtedness shall be the sum of $75,000, and that bonds shall be issued therefor.

That said bonds shall run for a term of fifteen years, with the option of payment at any time after five years, and shall draw interest at the rate of five per cent per annum.

That the tax levy of Mercer county, Missouri, be increased fifteen cents on the one hundred dollars valuation to pay the interest and provide a sinking fund to retire said bonds.

That the purpose of incurring the said indebtedness shall be the building of a courthouse in Princeton, Mercer county, Missouri, and the purpose of this election shall be to authorize the incurring of such indebtedness, the issuance of such bonds and the levying of such additional taxes.

C. E. MINTER, Presiding Judge.

Attest:   FRANK LOWRY, Clerk.

State of Missouri, County of Mercer, ss.

I, Frank Lowry, clerk of the county court within and for said county, hereby certify the above and foregoing to be a true copy from the record as the same appears in my office. Witness my hand and seal of my said office at Princeton, Mo., this 15th day of August, 1911.

(Seal)      FRANK LOWRY, Clerk.

In support of his first proposition, respondent cites the cases of Gaston v. Lamkin, 115 Mo. 20, and Railroad v. Apperson, 97 Mo. 300.

The cases cited do not touch the issue we are now called upon to adjudicate; hence are of no value to respondent in this cause.

In issuing orders of publication in circuit and probate courts, the order of court itself becomes the notice, and a copy thereof verified by the signature of the clerk is all that is necessary to publish in order to convey notice to those interested in the pendency of

a civil action.   The order of notice in this case is framed in the usual form of an order of publication in the circuit court, and we are unable to see any reason why a copy of such order duly attested and published should fail to convey notice to the voters of Mercer county that the special election was going to be held.

We think the method adopted by the county court of Mercer county—embracing in the order for election all recitals required to be inserted in the notice—and then publishing an attested copy of the order, is a compliance with the law, and is a safer method for courts to adopt in giving the notice required by section 1261, supra, than to delegate to the clerk the task of preparing the form of notice to be published.

The law, section 1261, supra, simply prescribes that the notice shall be given, but does not direct by whom such notice shall be signed, and as the copy of the order in this case conforms to the requirements of the law, and was verified by the signature of the presiding judge of the county court and the certificate and signature of the county clerk, the first contention of respondent must be overruled.

Respondent's contention, that the notice of the special election was void because it failed to designate the polling places where the election would be held, is a more serious proposition.   It will be observed that section 1261, supra, does not require the county court or the clerk thereof to give notice of the polling places or places where the election will be held, and that section 1263, Revised Statutes 1909, provides that said special election "shall be held and conducted in the same manner, and the returns thereof made to the county clerk, and the vote counted, in all respects the same as in elections for state and county officers, as far as the laws in relation thereto are applicable."

To sustain his contention that the notice of a special election to authorize the issue of courthouse bonds

should have named the polling places where the election was to be held, respondent cites Martin v. Bennett, 139 Mo. App. 237. This case holds that the notice of an annual school election at which was submitted a proposition to bond a school district to build a schoolhouse, should have designated the place where the election was to be held. This decision is doubtless a correct construction of the law under which said school election was held, sections 9874 and 9779, Revised Statutes 1899, for the reason that those sections prescribe that in the notice of such school elections, not only the time, but the *place* where the election is to be held, must be specified. However, the statute we are now called upon to construe (sections 1261 and 1263, Revised Statutes 1909) does not require the notice of special elections therein provided for to name the polling places where such elections are to be held; and therefore, the Martin case, supra, is not a precedent which we will be justified in following in this case.

Respondent also cites the case of McPike v. Pen, 51 Mo. 63; but the election in that case was also held pursuant to a law which specifically required the polling places to be designated in the notice of election. [Laws 1870, page 123.]

Respondents also cite and rely upon Thornburg v. School District, 175 Mo. 12, l. c. 26; but the only point decided in that case is that the record of a school board must affirmatively show that a special election to authorize the issue of school bonds was duly ordered by such board—that a valid notice published by the district clerk will not cure the failure of the board to make a definite and proper order for such election.

Numerous decisions of the appellate courts of other States are relied upon by respondent; but after diligent examination of each of them, we find they are either like the case of Martin v. Bennett, supra, based upon statutes entirely different from the one now in

judgment, or were cited because they contain some *obiter* favorable to the contention of respondent.

The case of State ex rel. v. Salt Lake City, 35 Utah 25, is a very good authority for relators, in that it declares that in the matter of giving notice of a special election to issue bonds, the law only requires a substantial compliance with the statute. The law in that case required the notice of election to designate the place where the election was to be held, but the notice published merely recited that the election was to be held in the city of Salt Lake; and this was adjudged to be sufficient, notwithstanding it failed to designate the several polling places in said city where the voters should cast their ballots.

Neither the statute under consideration (section 1261, supra), nor the general statutes of our State, prescribe or direct that notice shall be given of the places where elections are to be held; and we think the Legislature wisely omitted to ordain any such rigid regulation.

There is no law under which either counties or cities may erect or maintain permanent polling places. Neither are such municipalities provided with funds to purchase property in which to conduct public elections; therefore, the election machinery must be exercised at such places as their officers are able to rent or otherwise acquire the use of. [Sec. 5803, R. S. 1909.]

If it were obligatory on public officers to give notice of the identical places where votes were to be cast in each polling place in counties, it might often occur that the places selected would be either burned or otherwise destroyed between the date of giving the notice and the time of holding the election; and the will of the people would be subject to be defeated at any election that might be held; consequently, the lawmakers did not deem it expedient to require such arbitrary provisions in order to ascertain the will of the people through the ballot box.

It is rare indeed that anyone desiring to cast a vote in a special election has any difficulty in finding the place where the election is to be held. Either those urging the adoption of the measure submitted or those desiring its defeat, will take such an interest in the result of the election that everyone who may desire to vote thereat will have no difficulty in finding the place where he should cast his ballot.

As we understand the theory of respondent, he contends that in special elections held for any purpose, all provisions of the election law governing such special elections are mandatory and must be observed with the utmost strictness; otherwise, such special elections will be void. Such is not the spirit of the more modern adjudications on that subject. The law contemplates that everything necessary shall be done to afford the voters a free and fair opportunity to vote yes or no on the proposition submitted, and unless some mandatory statute has been violated, or something has been done or omitted which has deprived the voters of a free and fair expression of their will, such election should be upheld. [O'Laughlin v. Kirkwood, 107 Mo. App. 302; State v. Swearingen, 128 Mo. App. 605.]

All persons are required to take notice of public statutes, and, therefore, the voters of Mercer county were compelled to know that the election to vote courthouse bonds would be conducted in the same manner and at the same polling places as general elections had theretofore been conducted in said county. [Sec. 1263, R. S. 1909.]

The record is barren of even an intimation that any voter in said county failed to understand where he should vote or was deprived of his right to vote in the special election by reason of any alleged defect or ambiguity in the notice of election as published.

We find that the notice was legally sufficient and published in conformity with the law.

A peremptory writ of mandamus should issue commanding the respondent to register the bonds as prayed in relator's petition. It is so ordered.

All concur, except *Valliant, C. J.,* absent.