Oscar P. KASTEN, Appellant,

v.

Ora N. GUTH, Respondent.

No. 50373.

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1964.

Stephen N. Limbaugh, Limbaugh, Limbaugh & Russell, Cape Girardeau, for appellant.

Francis Toohey, Jr., Roscoe D. Moore, Perryville, for respondent.

HOLMAN, Judge.

In this action appellant, Oscar P. Kasten, seeks to contest the election of respondent, Ora N. Guth, to the office of county superintendent of public schools at the school election held on April 2, 1963. The circuit court sustained respondent's motion to dismiss the notice of election contest filed by appellant. Contestant has duly appealed from that judgment. We have jurisdiction because the case involves the title to an "office under this state." Article V, § 3, Constitution of Missouri, 1945, V.A.M.S.; Armantrout v. Bohon, Mo.App., 157 S.W.2d 530.

The Notice of Election Contest reads as follows:

"Take notice that I, Oscar P. Kasten, hereby present this notice to the Circuit Court of Perry County, Missouri, for the purpose of contesting the election of Ora N. Guth to the office of County Superintendent of Schools for Perry County, Missouri, at the election held on April 2, 1963, and as grounds for such contest state as follows:

"1. On Tuesday, April 2, 1963, an election was held in Perry County, Missouri,

for the purpose of electing, among other officers, a county superintendent of schools for Perry County, Missouri.

"2. The printed ballot for this office contained the name of Ora N. Guth, she being the only candidate who had announced for this office in accordance with the requirements of Section 167.020 RSMo 1959 [V.A.M.S.].

"3. About 15 days before the election held April 2, 1963, Oscar P. Kasten decided to run for the office of Perry County Superintendent of Schools and announced his candidacy as a write-in candidate through the media of newspapers, radio, posters, printed cards and word of mouth.

"4. The formal canvass of the ballots cast for this office revealed the following tabulation: For Ora N. Guth 1107 votes; for Oscar P. Kasten 1084 votes; for Oscar Kasten 67 votes; for Oscar P. Kassel 1 vote; for Oscar P. Casten 1 vote; for Roger Kasten 1 vote; for Leo Rozier 1 vote; for James Burgess 1 vote.

"In addition, there were 145 votes which were voided because the name of Oscar P. Kasten was written in but the name of the printed candidate was not crossed out. On the basis of the foregoing Ora N. Guth was declared the winner by a margin of 23 votes over her write-in opponent Oscar P. Kasten.

"5. Contestant Oscar P. Kasten avers that he should have been declared the winner of such election for the following reasons: (a) The sixty-seven (67) votes cast for Oscar Kasten were intended for contestant and should have been counted for him. (b) The one (1) vote cast for Oscar P. Kassel was intended for contestant and should have been counted for him. (c) The one (1) vote cast for Oscar P. Casten was intended for contestant and should have been counted for him. (d) The one (1) vote cast for Roger Kasten was intended for contestant and should have been counted for him. (e) The one hundred forty-five (145) voided votes which had contestant's name written in but which failed to have

contestee's name crossed out were intended for contestant and should have been counted for him. (f) The votes cast for Oscar P. Kasten, Oscar Kasten, Oscar P. Kassel, Oscar P. Casten and Roger Kasten were all intended to be cast for one and the same person, Oscar P. Kasten, and all said votes should have been counted for him. (g) The vote cast by Jerri Carter and that cast by Joan Lorberg were invalid because they were cast in the City of Perryville District when such persons were residents of the Hunt District and such votes should have been cast in the Hunt District. (h) The vote cast by Winifred Ketchum and that cast by Mary Lewis were invalid because such persons had not resided in the State of Missouri one whole year before the election of April 2, 1963.

"Wherefore, contestant, Oscar P. Kasten, prays for a recount of all votes cast in the election of Perry County Superintendent of Schools held April 2, 1963, in Perry County, Missouri; that all votes cast for Oscar Kasten, Oscar P. Kassel, Oscar P. Casten, Roger Kasten and all void ballots be counted for contestant; that the votes of Jerri Carter, Joan Lorberg, Winifred Ketchum and Mary Lewis be voided and not counted for the reasons mentioned in this notice and for such other and further relief as may appear proper and just."

Ora N. Guth filed the following motion to dismiss the foregoing notice: "1. Comes now the contestee and moves to dismiss the notice of election contest filed by contestant on the ground that such notice fails to state a claim upon which relief can be granted. 2. Contestee further moves that the notice of election contest filed by contestant be dismissed for the reason that he has failed to comply with the mandatory provisions of § 167.020 RSMo 1959 [V.A.M.S.] pertaining to the requirement that all candidates for the office of County Superintendent of Schools must file a declaration of candidacy at least 45 days before the date of the election and that he is therefore not entitled to file this contest nor to hold the office of

County Superintendent of Schools." As stated, the trial court sustained said motion to dismiss.

We will first consider the allegations of paragraph 2 of the motion. While it states that contestant "is therefore not entitled to file this contest nor to hold the office of County Superintendent of Schools," we construe that portion of the motion as alleging that contestant was disqualified from election or was not entitled to be elected to the office in question because he had not filed a written declaration of his candidacy at least 45 days before the election.

It is provided in § 167.010 (unless otherwise indicated all statutory references are to RSMo 1959, V.A.M.S.) that "[t]he qualified voters of each and every county in this state shall elect a county superintendent of public schools at the annual district school meeting held on the first Tuesday in April, 1943, and every four years thereafter. * * *" Section 167.020 provides that "[a]t least forty-five days before the annual school meeting in any year when a county superintendent of public schools is to be elected, any person desiring to be a candidate for election to the office of county superintendent of public schools must file with the county clerk a written declaration of his candidacy for the office, which declaration shall be filed by the county clerk and no filing fee shall be charged. * * *" Respondent contends that the quoted portion of § 167.020 is mandatory and that no person is eligible to be voted for at the election unless he has filed a written declaration within the time specified therein. Appellant contends that the provision in regard to filing a written declaration of candidacy relates only to the requirement for a candidate to have his name printed on the ballot, but that "the printing of one's name on the ballot is not a mandatory requirement for election. A write-in candidate who has not filed a declaration of his candidacy and whose name is not on the printed ballot may still be elected if he receives the greatest number of votes."

As indicated by the foregoing, a solution of the question presented requires a construction of the provisions of § 167.020. It is elementary that the primary rule to be followed in the construction of statutes is to ascertain and give effect to the intent of the legislature. Taney County v. Empire District Elec. Co., Mo.Sup., 309 S.W. 2d 610. A strict literal construction of the quoted portion of the statute would tend to support the contention of respondent. However, in determining the legislative intent, we think the words used in the statute must be considered in connection with certain basic fundamental principles that are firmly established in this state.

We have said that "the very taproot and reason for any election at all among a free people is that the majority may rule * * *. Election laws must be liberally construed in aid of the right of suffrage. State ex rel. [Wills] v. Hough, 193 Mo. [615], l. c. 651, 91 S.W. 905 [l. c.]; Hale v. Stimson, 198 Mo. 134, 95 S.W. 885. The whole tendency of American authority is towards liberality to the end of sustaining the honest choice of electors." Nance v. Kearbey, 251 Mo. 374, 158 S.W. 629, 631. While mandatory statutory requirements must be followed, "[e]lections should be so held as to afford a free and fair expression of the popular will * * *." State ex Inf. McKittrick ex rel. Martin v. Stoner, 347 Mo. 242, 146 S.W.2d 891, 894. The statutes of this state indicate that it is the established public policy that a qualified voter may vote for any candidate of his choice by writing the name of such person on the ballot and the voter is not restricted to voting for the candidates whose names are printed thereon. Our general election laws contain the express provision that "[i]f the voter desires to vote for one or more candidates whose name or names do not appear on the printed ballot he may do so by drawing a line through the printed name of candidate for such office, and writing below such canceled name the name of person for whom he desires to vote, and placing a

cross mark in the square at the left of such name." Section 111.580(2). Other statutes, by reference, have made that provision applicable in elections conducted in cities of the first, second, third, and fourth classes. See §§ 122.210, 122.400, 77.040, and 79.030. Similar provisions appear in § 423 of the Charter of Kansas City. See also § 122.960 relating to elections in the City of St. Louis; Gumm v. Hubbard, 97 Mo. 311, 11 S.W. 61; Bradley v. Cox, 271 Mo. 438, 197 S.W. 88; Ousley v. Powell, Mo.App., 12 S.W.2d 102.

■ In construing § 167.020, we think it is significant that it contains no express provision to the effect that no person should be voted for whose name does not appear upon the printed ballot. We also note that subsection 2 of that statute contains the following: "The voting for county superintendent shall be by ballot and all ballots cast shall be counted for the persons for whom cast, and it is hereby made the duty of the members of the board of directors and the chairman and secretary of the annual school meeting to see that each ballot so cast is counted for the person receiving the same * * *." It is, of course, implicit in every election statute that the ballot shall be counted for the person for whom cast. We therefore, have concluded that this provision was inserted in the statute in order to make it clear that the ballot should be counted for any person for whom it is cast and that the voting not be restricted to the candidates printed on the ballot.

We have also considered our constitutional provisions, i. e., Art. I, § 25, that "all elections shall be free and open; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage," and Art. VIII, § 2, which provides that all qualified electors are "entitled to vote at all elections by the people." It is the majority rule in this nation that statutory provisions expressly stating that no person shall be voted for unless his name is printed on the ballot are unconstitutional under constitutional provisions similar to those above quoted. See Littlejohn v. People, 52 Colo. 217, 121 P. 159, Ann.Cas.1913D, 610; Annotation, Ann.Cas.1913D, 614; 18 Am.Jur., Elections, § 191, p. 307. It therefore appears that if § 167.020 should be construed in accordance with respondent's contention there is good authority for holding it unconstitutional. We need not expressly so hold. It is sufficient to say that it is presumed that the legislature did not intend to enact an unconstitutional statute.

We also note that respondent in her brief concedes that "had no one filed for the office of county superintendent of schools and a blank ballot would be prepared, write-in candidates would be permitted, or the election would be a nullity but where you have candidates who have complied with the statute, no other persons would be entitled to be elected at such election." We do not agree that the situation would have been any different in the event no one had filed. If it is mandatory that a candidate file a timely declaration in order to be qualified for election, then that requirement should be applied in every event. The situation suggested in respondent's brief tends to accentuate the fact that the construction for which she contends is unreasonable.

In view of all of the foregoing, we have concluded that the legislature, in enacting § 167.020, did not intend to restrict the electors to voting for the candidates printed on the ballot, but, on the contrary, intended that any elector could vote for a person of his own selection by drawing a line through the names printed on the ballot and writing in the name of his candidate. Any other conclusion would attribute to the legislature an intent contrary to our established public policy to the effect that a qualified voter be permitted to vote for any person of his choice and that the will of a majority of the voters should prevail. We accordingly rule the point under consideration contrary to the contention of respondent.

■ As to the remaining point raised by respondent's motion to dismiss, we are clearly of the opinion that the appellant's

notice states a claim upon which relief can be granted. It is alleged that Oscar P. Kasten received 1,084 votes and that 67 votes were cast for Oscar Kasten which were intended to be voted for Oscar P. Kasten, contestant herein. For the purposes of the motion these allegations are considered to be true. Hence it must be ruled that the 67 votes cast for Oscar Kasten should have been counted for contestant, which would have given him a total of 1,151 votes, and he should therefore have been declared the winner of said election.

In the case of Gumm v. Hubbard, 97 Mo. 311, 11 S.W. 61, Caleb Gumm contested the election of Joel D. Hubbard. The court approved a recount wherein "one vote for 'J. D. Huba,' one for 'J. D. Hubba,' one for 'Huber,' one for 'J. D. Hub,' and one for 'D. Huber' were counted for contestee. Effect should be given to the will of the electors, and it is now generally agreed that the circumstances surrounding the election may be given in evidence, on an election contest, to explain ambiguities in the ballots. McCrary, Elec. § 396; Cooley, Const. Lim. 611; 6 Amer. & Eng.Cyclop.Law, 431. There were but two candidates for this office, and their names are so unlike that there is no danger of confusion as between them. The election, as to these candidates, was local, confined to the county where they resided, and the voting population seems to have been largely German. Under the evidence, the court might well have found that these ballots were for the contestee, and there would have been no error in counting them for him." 11 S.W. 63.

"Generally, where the voter's intention is found it should not be defeated by the fact that the name of the candidate is misspelled, the wrong initials are employed, or some other or slightly different name of similar pronunciation has been written instead of that of the candidate actually intended to be voted for. If there is a misspelling of a candidate's name when written in by a voter or when printed on the ballot, evidence of the circumstances surrounding the election is admissible for the purpose of showing that the ballot was intended for a particular candidate, unless the name is so different that thus to apply it would be to contradict the ballot itself or unless the ballot is so defective that it fails to show any intention whatever. Although some courts deem themselves bound by a stricter rule, it has been held that a ballot which contains a candidate's surname only may be counted, even though there are other persons in the county having the same surname, where it is shown that there was no other person of such name who was a candidate for the same or any other office. This rule is also followed if only the middle name of the candidate is wrong, if the first name is abbreviated, or if the wrong initials are used. Furthermore, where there are two persons in the same district with the same name, one of them a candidate, and the other not, and there are ballots which do not designate which of these persons is voted for thereon, parol evidence may be received to show for whom the votes were intended." 18 Am.Jur., Elections, § 195, p. 311.

In 29 C.J.S. Elections § 180, pp. 263, 265, it is stated that "a candidate for public office is generally entitled to have his name written upon the official ballot by voters who desire to support him as their choice, although he has not been nominated by any convention, caucus, or meeting, and under most statutes, when an elector desires to vote for a person whose name is not on the ballot he may do so by writing his name on the ballot in an appropriate place, notwithstanding the person whose name is thus written in was not eligible to have his name printed on the ballot. * * * [I]f the voter's intention can be determined, that intention will not be defeated because of an irregularity in the writing of the candidate's name. Thus ballots have been held not invalidated because the voter misspelled the candidate's name or address, as where the error was so slight and of such a nature as to render the name as written within the scope of the doctrine of idem sonans; or because the voter wrote some other or slightly different name of like or similar pro-

nunciation, as where there is a clear relation between the appearance or sound of the name written in and that of the candidate and only one man of a particular name is a candidate for the office; or where the voter omitted the candidate's initial or employed a wrong initial, or wrote the candidate's initials in place of his given name, or wrote only the candidate's last name, there being no other candidate of the same name to be voted for." See also, Annotation, 86 A.L.R. 2d 1025.

██ Certain questions are suggested by the allegations of the notice and the points briefed that will likely arise upon the trial of this case. Due to the nature of the case we deem it advisable to express our views upon those questions. In accord with the foregoing authorities, we are of the opinion that evidence is admissible which bears upon the intent of voters who wrote in the name of Oscar Kasten, Oscar P. Kassel, Oscar P. Casten, and Roger Kasten on their ballot. As to the votes cast for Oscar Kasten, we have the view that said name is so similar to Oscar P. Kasten that they should be counted for contestant unless it should appear from the evidence that there was a person residing in Perry County (other than contestant) who had the name of Oscar Kasten and who possessed the qualifications specified in § 167.-010 for the office here involved. In the event it should appear that there were on the date of the election two residents of Perry County bearing the name of Oscar Kasten and possessing the aforesaid qualifications, then the court shall determine from all of the evidence in the case the identity of the person for whom those voters intended to cast their ballot. There were 145 ballots which were alleged to have been voided because the name of contestant was written in but no line was drawn through respondent's name. Contestant alleges that those votes should have been counted for him. We have the view that those ballots should not be counted for either appellant or respondent. Ousley v. Powell, Mo.App., 12 S.W.2d 102.

The judgment is reversed and cause remanded for further proceedings in accordance with the views herein expressed.

HYDE and DALTON, JJ., concur.

HOLLINGSWORTH, P. J., concurs in result.