George L. FISHER et al., Appellants
(Contestants below),

**v.**

Harry E. CLISSOLD, Appellee
(Contestee below).

No. 3270.

Supreme Court of Wyoming.

Jan. 26, 1965.

David Norman Burns, Jackson, for appellants.

No appearance for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

An election contest is involved in this case. The contest was brought by a group

of electors challenging the election of Harry E. Clissold as Mayor of the Town of Jackson, Wyoming. Summary judgment was entered by the district court in favor of Clissold, contestee, and the contestants have appealed.

The facts are not in dispute. As agreed by the parties the following happened: At the Jackson municipal election on May 14, 1963, the election judges returned 135 votes for Clissold and 124 votes for Harold Livingston, a write-in candidate whose name was not printed on the ballot. The name "Harold Livingston" had been regularly written in, at the write-in space for Mayor, on 139 ballots. Only 124 of these ballots had a cross in the square immediately to the right of the name written in. Fifteen ballots upon which the voters had written the name of Harold Livingston but had not made a cross thereafter were not counted by the election judges as votes for Livingston, and the discarding of such ballots resulted in Clissold being declared the elected Mayor.

The relevant provisions of Ch. 235, § 81, S.L. of Wyoming 1961, pertaining to the making of a cross after the name of a write-in candidate are these:

"There shall be left under the name of each candidate * * * sufficient space to write another name therein, and after and to the right of each such space * * * shall be a square, clearly designated by heavy black lines, in which the voter may designate by a cross his choice for such write-in candidate. A name written in and checked by a cross shall be counted the same as if printed upon the ballot."

Chapter 235, § 82, S.L. of Wyoming 1961; requires that election ballots shall be substantially in a certain prescribed form. This form includes a statement of instruction in these words:

"Instruction—Mark a cross in the square immediately to the right of the name of the candidate printed thereon for whom you want to vote; or write the name of any other person for whom you want to vote, in the proper place, and mark a cross in the square immediately to the right of the name so written in."

Findings of the district court included a finding that the statutory requirement of making a cross, contained in Ch. 235, § 81, is mandatory so that a ballot with the name of a write-in candidate written in could not be counted in the absence of a cross. There was also a finding that the requirement for the ballot to contain an instruction to the effect that a cross was to be made, as set forth in Ch. 235, § 82, is directory only, and that the ballots as printed and given to the voters were not invalid on account of an omission of the proper statutory instruction.

■■ We think it would be more correct to say the statutory requirement for marking a cross after the name of a write-in candidate is mandatory, if and when the statutory requirement of instructing the voter to that effect has been complied with. In other words, all sections involved should be construed in pari materia.

Actually, Ch. 235, § 111, S.L. of Wyoming 1961, is more specific with respect to the marking of a ballot. It provides:

"In preparing his ballot, the voter shall mark the ballot with a cross in the square to the right of the name of each person for whom he desires to vote, including the square to the right of the name of each person whose name he writes in or pastes in. If any elector shall use a mark other than a cross in the square to the right of a candidate's name, it shall nevertheless be deemed to be a vote for that candidate. Write-in votes shall be counted the same as if printed on the ballot."

It will be noted that while the sections referred to provide for ballots to be counted when a name has been written in and checked with any kind of mark in the square to the right, there is no statute which says in so many words that a ballot not so checked or marked cannot be counted, if the intention of the voter is clear.

The statutory provision which comes closest to such a statement is to be found in § 22–284, W.S.1957, pertaining to the canvass of votes. Among other things, this section states:

"* * * Any ballot or parts of a ballot from which it is impossible to determine the elector's choice shall be void and shall not be counted. To determine the elector's choice it shall be deemed necessary for him to place a mark within the square immediately to the right of the name of the candidate for whom he wishes to vote."

The foregoing statute, which was last amended in 1957, must be construed with § 22–188, W.S.1957, which remained in effect until 1961. It set forth the form of ballot to be used, with an instruction to the effect that a cross should be marked in the square immediately to the right of the candidate "printed thereon" for whom the voter wanted to vote; *or* that the voter should write the name of any other person for whom he wants to vote, in the proper place.

According to the form prescribed, no square was to be printed on the ballot immediately to the right of the line provided for writing in a name, and there was no instruction to mark a cross after a name written in.

In view of the existence of § 22–188 when § 22–284 was last amended, the Legislature must have meant § 22–284 to apply only to candidates whose names were printed on the ballot and not to candidates whose names were written in. If the Legislature's intention changed with the adoption of a revision in the election laws, in 1961, it is fair to say, as we have already indicated, that it contemplated the giving of instructions to the voter, in accordance with Ch. 235, § 82, which would inform the voter of the necessity of marking a cross after a name written in.

■ The cardinal rule to be followed in the counting of votes is to ascertain the intent of the voter as disclosed by the official ballot actually cast and to give effect to that intent by counting the ballot, but if that intent cannot be satisfactorily ascertained then to reject the ballot. 29 C.J.S. Elections § 223, p. 325. See Mitchell v. Jones, Tex. Civ.App., 361 S.W.2d 224, 233; and Kasten v. Guth, Mo., 375 S.W.2d 110, 115–116.

In the Mitchell case the court considered it well-settled that the failure of a voter to mark his ballot in strict conformity with the election code does not invalidate the ballot, if the intention of the voter is clearly ascertainable. The Supreme Court of Missouri, in the Kasten case, said if the voter's intention can be determined, that intention will not be defeated because of an irregularity in the writing of the candidate's name.

■ In Wyoming, Art. 6, § 11, Wyoming Constitution, specifically provides that no voter shall be deprived the privilege of writing upon the ballot used the name of any other candidate. We do not question the right of the Legislature to prescribe by general law the method in which the privilege of writing in shall be exercised, but we think it is in keeping with the constitutional mandate to follow the general rule that a voter shall not be disfranchised or deprived of his rights as an elector by the mistake of election officers, if it is possible to prevent it. See Valdez v. Herrera, 48 N.M. 45, 145 P.2d 864, 870; and State ex rel. Wahl v. Richards, 5 Terry 566, 44 Del. 566, 64 A.2d 400, 405.

In the case at bar, election officers instructed the voters to vote for write-in candidates merely by writing the name in the proper place. The instruction printed on the ballot was this:

"INSTRUCTION TO VOTER— 'Mark a cross in the square immediately to the right of the name of the candidate printed thereon for whom you want to vote; or write the name of any other person for whom you want to vote, in the proper place.'"

■■ It is apparent this instruction was taken from § 22–188, which we have heretofore referred to and which previously had been repealed by Ch. 235, § 187, S.L. of Wyoming 1961. The instruction clearly indicates that it is necessary only to write the

name of a write-in candidate for whom the voter wants to vote, in the proper place.

The only presumption which could be indulged in, as far as the election in Jackson is concerned, is that the voters intended to follow the instruction which was actually given them. The intent of such voters must be judged in the light of the instruction under which they were voting. This intent must not be defeated by the mistake of election officials who prepared the election ballots.

We make it clear that we do not say it is unnecessary for a voter to make a mark after a name he has written in, in order for his vote to count, if a voting instruction to that effect has been given in accordance with the 1961 law. We do say, however, that a voter should not be disfranchised and his obvious intent ignored, where he has followed the instruction given by writing the name of the candidate for whom he wants to vote.

The judgment of the district court is reversed and the cause remanded for the entry of judgment in favor of the contestants.

Reversed.