Oscar P. KASTEN, Respondent,

v.

Ora N. GUTH, Appellant.

No. 51089.

Supreme Court of Missouri,

Division No. 1.

Nov. 8, 1965.

Stephen N. Limbaugh, Limbaugh, Limbaugh & Russell, Cape Girardeau, for respondent.

Francis Toohey, Jr., Roscoe D. Moore, Perryville, for appellant.

DONNELLY, Judge.

This is an election contest wherein Oscar P. Kasten, contestant-respondent, contests the election of Ora N. Guth, contestee-appellant, as Superintendent of Schools of Perry County, Missouri.

The election was held April 2, 1963. The name of Ora N. Guth appeared on the printed ballot. Oscar P. Kasten was a write-in candidate.

We have jurisdiction because the case involves title to an "office under this state." Art. V, § 3, Const. of Missouri 1945, V.A.M.S.; Kasten v. Guth, Mo.Sup., 375 S.W.2d 110.

Kasten filed a notice of election contest in the Circuit Court of Perry County, Missouri. Guth moved to dismiss said notice and her motion was sustained. Kasten appealed to this Court and the cause was reversed and remanded. Kasten v. Guth, supra.

The case was tried by the Circuit Court of Perry County, Missouri, without a jury. The County Clerk of Perry County tabulated the results of the election with the following results:

| "Ora N. Guth | 1,137 | Oscar J. Kasten | 2 |
|---|---|---|---|
| Oscar P. Kasten | 1,050 | Arthur Kasten | 1 |
| Oscar Kasten | 75 | Mr. Kasten of Uniontown | 1 |
| Kasten | 27 | O. P. Kasten | 2 |
| Oscar P. Casten | 4 | O. Kasten | 2 |
| Oscar P. Caston | 1 | T. Casten | 1 |
| Clarence P. Kasten | 1 | Oscar Kassel | 1 |
| Oscar P. Kaston | 6 | Oscar P. Kesten | 2 |
| Oscar B. Kasten | 4 | Kaston | 1 |
| Oscar A. Kasion | 1 | Oscar P. Kastan | 1 |
| Oscar R. Kastel | 1 | Osc. Kasten | 1 |
| Oscar R. Kasten | 2 | Oscar C. Kasten | 1 |
| Francis P. Kasten | 1 | Oscar P. Kastn | 1 |
| Oscar Kastel | 1 | Oscar P. Kaster | 3 |
| Paul P. Kasten | 1 | Kassel | 2" |

After hearing the evidence, the Circuit Court of Perry County, Missouri, found that, of the votes cast in the above tabulation, the following votes should be counted for Oscar P. Kasten:

| | | | |
|---|---|---|---|
| "Oscar P. Kasten | 1,050 | Oscar P. Kaston | 6 |
| Oscar Kasten | 75 | Oscar P. Kesten | 2 |
| Oscar P. Casten | 4 | Oscar P. Kastan | 1 |
| Oscar P. Caston | 1 | Osc. Kasten | 1 |
| Mr. Kaston of Uniontown | 1 | Oscar P. Kastn | 1 |
| O. P. Kasten | 2 | Oscar P. Kaster | 3 |
| | | Total | 1,147" |

---

The Circuit Court of Perry County, Missouri, then held that Ora N. Guth received a total of 1137 votes and Oscar P. Kasten received a total of 1147 votes, declared Oscar P. Kasten the winner of the election, ordered Ora N. Guth to give up the office to Oscar P. Kasten, and to deliver to Oscar P. Kasten all books, records, papers, property, and effects pertaining to the office.

Guth's after-trial motions were overruled, and she has perfected an appeal to this Court. We will consider her allegations of error.

■ First, appellant urges that the returns from the Longtown District should be voided because the evidence showed that the election there was not conducted in compliance with the provisions of Section 111.620 RSMo 1959, V.A.M.S. Some of the ballots cast and counted did not contain the Judge's or Clerk's initials and did not have black stickers placed over the numbers marked on the ballots. " * * * The uppermost question in applying statutory regulation to determine the legality of votes cast and counted is whether or not the statute itself makes a specified irregularity fatal. If so, courts enforce it to the letter. If not, courts will not be astute to make it fatal by judicial construction. Gass v. Evans, 244 Mo. [329] loc. cit. 353, 149 S.W. 628; Hehl v. Guion, 155 Mo. 76, 55 S.W. 1024. 'Such a construction,' says this court, speaking through Barclay, J., in Bowers v. Smith, 111 Mo. [45] loc. cit. 55, 20 S.W. 101, 16 L.R.A. 754, 33 Am.St.Rep. 491, 'of a law as would permit the disfranchisement of large bodies of voters, because of an error of a single official, should never be adopted, where the language in question is fairly susceptible of any other. Wells v. Stanforth (1885), 16 Q.B.Div. 245.' Again (pages 61, 62, of 111 Mo., page 105 of 20 S.W. [16 L.R.A. 754, 33 Am.St.Rep. 491]): 'If the law itself declares a specified irregularity to be fatal, the courts will follow that command irrespective of their views of the importance of the requirement. Ledbetter v. Hall (1876), 62 Mo. 422. In the absence of such declaration, the judiciary endeavor, as best they may, to discern whether the deviation from the prescribed forms of law had or had not so vital an influence on the proceedings as probably prevented a free and full expression of the popular will. If it had, the irregularity is held to vitiate the entire return; otherwise it is considered immaterial.' " Nance v. Kearbey, 251 Mo. 374, 383, 384, 158 S.W. 629, 631 [3]. See also Riefle v. Kamp, 241 Mo.App. 1151, 247 S.W.2d 333; and Bernhardt v. Long, 357 Mo. 427, 209 S.W. 2d 112. Sec. 111.620, supra, does not itself make the specified irregularities fatal. The point is without merit.

■ Appellant further cites Section 129.840 RSMo 1959, V.A.M.S., and questions the actions and practices of conducting the elections in various school districts in the county. The respondent sent a letter

to a member of each school board in the county requesting that they inform the voters as to the proper procedure for a write-in candidate and spelled out in each letter how this should be done. In Longtown District the chairman of the meeting wrote the name of Oscar P. Kasten on the blackboard before the meeting and advised those attending that if they wanted to vote for respondent they should cross out appellant's name and write in respondent's name. In Belgique District and in Boxdorfer District respondent's name was written on the blackboard. In Altenburg District, one of the election officials shouted to someone voting that if he wanted to vote for the write-in candidate to be sure to insert the "P" in Oscar P. Kasten. In Frohna District someone asked how to vote for the write-in candidate and it was explained that he had to write Oscar P. Kasten to make it legal. "The well-established rule, here applicable, is that an election irregularity is not fatal to the validity of the whole return of the precinct unless made so by the statute on the subject or unless the irregularity is such as 'probably prevented a free and full expression of the popular will.' Bowers v. Smith, 111 Mo. 45, loc. cit. 61, 62, 20 S.W. 101, 16 L.R.A. 754, 33 Am.St.Rep. 491; Hehl v. Guion, 155 Mo. 76, loc. cit. 83, 55 S.W. 1024; Nance v. Kearbey, 251 Mo. 374, loc. cit. 383, 158 S.W. 629; McCrary on Elections (4th Ed.) p. 171; 9 R.C.L. p. 1093, par. 102; 15 Cyc. 372, 373." State ex rel. Thompson v. Arnold, 278 Mo. 672, 684, 213 S.W. 834, 837. "As a general rule an election will not be annulled even if certain provisions of the law regarding elections have not been strictly followed in the absence of fraud." Armantrout v. Bohon, 349 Mo. 667, 672, 162 S.W.2d 867, 871.

■ While the irregularities referred to should not be encouraged, they were not sufficient to constitute fraud, and in the absence of fraud we will not deprive the voters of their votes. This point is ruled against the appellant.

Appellant next urges that the trial court erred in finding that the seventy-five votes cast for Oscar Kasten should be counted for Oscar P. Kasten, for the reason that there was another Oscar Kasten residing in Perry County. In fact, there was another Oscar Kasten residing in Perry County. He was Oscar R. Kasten, an automobile dealer in Altenburg, Missouri.

Judge Holman, in Kasten v. Guth, supra, anticipated this question and at 375 S.W.2d 110, 116, said: "As to the votes cast for Oscar Kasten, we have the view that said name is so similar to Oscar P. Kasten that they should be counted for contestant unless it should appear from the evidence that there was a person residing in Perry County (other than contestant) who had the name of Oscar Kasten and who possessed the qualifications specified in § 167.010 for the office here involved. In the event it should appear that there were on the date of the election two residents of Perry County bearing the name of Oscar Kasten and possessing the aforesaid qualifications, then the court shall determine from all of the evidence in the case the identity of the person for whom those voters intended to cast their ballot."

Section 167.010 RSMo 1959, V.A.M.S., in effect at the time of the election on April 2, 1963, read in part as follows: " * * * The qualified voters of each and every county in this state shall elect a county superintendent of public schools at the annual district school meeting held on the first Tuesday in April, 1943, and every four years thereafter. Said county school superintendent shall be a citizen of the county and at least twenty-four years old. He shall have taught or supervised schools as his chief work during at least two of eight years next preceding his election, or shall have spent the two years next preceeding his election as a regular student in a recognized college or university or shall have a master's degree with a major in school administration. At the time of his election he shall hold a certificate authorizing him to teach in the public schools

of Missouri, and shall have completed at least one hundred and twenty semester hours of college work, including at least fifteen hours in the field of education, not less than five of which shall have been in school supervision and administration; or he shall be serving as county superintendent of public schools."

Oscar R. Kasten testified that he resided in Altenburg, Missouri, is a Chevrolet dealer in that community, that people from Perryville occasionally trade with him, and that he has a "Kasten, Altenburg, Missouri" Chevrolet emblem on the cars he sells. His formal education extended through the eighth grade. He testified that he was not a candidate for Perry County Superintendent of Schools in the election, did not advise anyone that he was a candidate, that no one discussed the election with him or about being a candidate for the office, and that he did not campaign for the office. He testified further that he had never taught school and had never been a county superintendent of schools for any county. He was well known in the community.

Oscar P. Kasten, respondent, was reared in Perry County, attended grades one through eight in Uniontown, grade nine in Perryville and grades ten through twelve in Cape Girardeau. He attended Southeast Missouri State College and the University of Missouri. He started teaching after he left high school and over a period of many years taught school in Cape Girardeau County, Perry County, Madison County and Stoddard County. He campaigned extensively for the office of Superintendent of Schools, personally traveled over the county soliciting votes, and used radio and newspaper advertising, cards and handbills.

One witness testified that when he voted and wrote "Oscar Kasten" he intended to vote for respondent.

■ There is some question on the evidence adduced whether respondent was qualified for the office. There was testimony that respondent, on the date of election, had only 2.7 semester hours of credit in Supervision and Administration when 5 semester hours were required. (§ 167.010, supra.) Appellant contends that if both Kastens (Oscar P. Kasten and Oscar R. Kasten) were not qualified for the office, the guide-lines set forth in Kasten v. Guth, supra, would not be applicable. We do not so construe the language quoted above from said case. We are of the opinion that respondent has shown by substantial evidence that when the voters voted for "Oscar Kasten", they intended to cast their ballots for respondent. The trial court did not err in this regard.

■ Appellant next urges that the trial court erred in counting for respondent the votes cast for Oscar P. Casten, Oscar P. Caston, Mr. Kaston of Uniontown, O. P. Kasten, Oscar P. Kaston, and Oscar P. Kaster. We recognize the obvious fact that it is virtually impossible to ascertain the identity, for example, of the four voters who voted for Oscar P. Casten. The trial court must weigh the evidence available and determine its sufficiency. On the evidence, and considering the circumstances set forth above, we are of the opinion that the trial court did not err in counting these votes for respondent. Kasten v. Guth, supra, Gumm v. Hubbard, 97 Mo. 311, 11 S.W. 61.

Appellant next contends that the trial court erred in ordering respondent placed in office, for the reason that respondent did not have the necessary statutory educational qualifications for the office under Section 167.010 RSMo 1959, V.A.M.S., in effect at the time. As hereinbefore stated, there was testimony that respondent had only 2.7 semester hours of credit in Supervision and Administration when 5 semester hours were required.

■ "The general rule is that the eligibility of candidates is not a competent issue in an election contest, as queried

in the Nance case, supra, 20 C.J., § 275, p. 217, § 289, p. 225; 29 C.J.S. Elections, § 249, p. 361, § 266, p. 375." Mansur v. Morris, 355 Mo. 424, 432, 196 S.W. 2d 287, 293. An inquiry as to respondent's eligibility for the office would properly be by quo warranto. Davenport v. Teeters, Mo.App., 273 S.W.2d 506, 513. Appellant's point is without merit in this proceeding.

Finally, appellant contends that the ballots of Uniontown District should not be counted for the reason that the district meeting was held in a parochial school building and not at the schoolhouse. The record on this point reads as follows:

"Q. Where was the election held?

\* \* \* \* \* \*

"A. Uniontown Lutheran School.

"Q. Is that schoolhouse in the Uniontown District?

"A. It has an old schoolhouse there yet, but it is not fit, and the district decided to change about and decided one meeting to have the meeting one year at the Lutheran school and the next year at the Catholic school hall.

"Q. Have you looked at the building?

"A. I was in it. The last meeting we had there the people complained. It is not fit for a meeting anymore, and that is why it was put before the meeting and they decided that it would be changed about."

Section 165.200 RSMo 1959, V.A. M.S., in effect at the time of the election, provided that the annual meeting of each school district should be held on the first Tuesday of April of each year in the district schoolhouse. According to the record the location of the schoolhouse was changed for voting purposes. In any event, there is no evidence here that the voters were deprived of a "free and full expression of the popular will." Nance v. Kearbey,

supra. The election in Uniontown District should be upheld. State ex rel. Mercer County v. Gordon, 242 Mo. 615, 624, 147 S.W. 795, 797; State ex rel. Marlowe v. Himmelberger-Harrison Lumber Co., 332 Mo. 379, 58 S.W.2d 750, 752.

The judgment is affirmed.

All concur.